| 41 | 179 |
| 156 | 217 |
| 41 | 179 |
| 175 | 23 |

# THE BOARD OF SUPERVISORS OF LIVINGSTON COUNTY

### *v.*

## WILLIAM HENNEBERRY.

1. SPECIFIC PERFORMANCE — *conditions must be performed.* A party cannot compel a specific performance of a contract for the conveyance of land unless he shows he has himself performed his part of it, and he must show full performance on his part of all the stipulations to be by him performed, to entitle him to a decree.

2. So, where a party purchased swamp lands from a county, the contract of sale prescribing, as conditions precedent to the conveyance, the payment of the purchase-money, the drainage of the land, and the improvement of one-half the land, it was *held*, that the purchaser could not compel a specific performance upon showing, merely, that he had offered to pay the purchase-money,—he should have shown that he had performed all the conditions on his part to be performed.

3. SAME — *waiver of conditions* — *power of a drainage commissioner in that respect.* That it was not customary for the drainage commissioner to insist upon the performance of any part of such contracts except the payment of the money, could not excuse the purchaser from the performance of the other conditions; such waiver could only be by the authority of the county, with whom the contract was made.

4. TENDER — *in chancery* — *money need not be brought into court.* In chancery it is not required that a tender shall be kept good by bringing the money into court.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. A. E. HARDING, for the plaintiff in error.

Mr. JOHN M. BARRIT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Livingston Circuit Court, exhibited by William Henneberry against the board of supervisors of that county praying for a specific performance of a contract for the purchase of certain swamp lands by the complainant, of the county of Livingston.

The bill alleges, that the complainant paid the sum of $520 for the land and took a certificate of purchase therefor subject to certain stipulations and requirements therein contained, all which complainant alleges he had performed. He avers he has not received a deed from the county and that the county refuses to make a deed.

The answer admits the purchase as alleged, but denies that any part of the purchase-money or interest has been paid;

denies that complainant has complied with the conditions and
stipulations in the certificate specified; denies that complain-
ant ever did any drainage on the land, though drainage was
necessary; denies making any improvements by complainant
upon the land, as was required of him by the terms of the con-
tract, to the satisfaction of the board of supervisors; nor has
he made any improvements whatever thereon.    And the
answer insists, that each and every condition of the contract,
namely, the payment of the purchase-money and interest, the
drainage of the land and the improvement of one-half the
land, are conditions precedent, to be kept and peformed by the
complainant before he is entitled to a deed, and that, having
failed to comply with the conditions, he is not entitled to a
deed.

A replication was put in to the answer, and the cause heard
on bill, answer and replication, and the testimony of J. R.
Woolverton, together with the certificate of purchase from the
swamp land commissioner, which was in evidence.

Woolverton stated he was swamp land commissioner and
had been since 1859; that he knew complainant; that he ten-
dered witness the purchase-money for the land described in
his certificate of purchase and demanded a deed therefor,
some time before this suit was brought; witness refused to
make a deed because another party had a prior certificate to
the same land, which witness thought had been forfeited, but
as he did not know which party was entitled to the deed, wit-
ness told complainant he preferred to have the courts decide
which was entitled, and that he would make a deed according
to the decision; it had never been customary with him to insist
upon anything except payment of the money as a condition to
giving a deed.

This was all the evidence in the cause, on which the court
passed a decree for the complainant for a specific performance
of the contract.

The case is brought here by writ of error.

The whole of the evidence being set out as above, it is not
distinctly perceived how the court could pass a decree for a

specific performance. The record is barren of any evidence showing a performance by complainant of the conditions of the contract, all which were conditions precedent. A party cannot compel a specific performance of such a contract unless he shows he has himself performed his part of it (*Scott* v. *Shepherd*, 3 Gilman, 483), and he must show full performance on his part of all the stipulations, to be by him performed, to entitle him to a decree. *Church* v. *Jewett*, 1 Scam. 54.

The fact, that it was not customary for the swamp land commissioner to insist upon the performance of any part of the contract except the payment of the money, cannot alter the case, for it was not his duty to insist upon any thing else. It was a contract with the county, that these conditions, all of them, should be performed, and it was for that authority to absolve the complainant from the performance. Scates' Comp. 1163.

It is further objected by the plaintiff in error, that the defendant in error did not keep his tender good by bringing the money into court. This, under the authority of *Webster* v. *French*, 11 Ill. 275, is not, in chancery, an objection.

Complainant, having shown no performance on his part, is not entitled to a deed. The decree must be reversed.

*Decree reversed.*