# LUCIUS M. DART

*v.*

# CHRISTOPHER HERCULES *et al.*

1. PURCHASER *from swamp land commissioner—must know his authority.* The authority of a swamp land commissioner, as agent of a county holding such lands, being a matter of law and public record, a purchaser from such commissioner will be presumed to know the extent of the agent's authority in the premises.

2. SWAMP LAND COMMISSIONER—*of his powers.* A swamp land commissioner has no authority to declare a forfeiture of a contract respecting a sale of swamp lands belonging to a county,—that power rests alone, in counties under township organization, in the board of supervisors.

3. AGENT—*exceeding his authority—whether principal bound.* It is a general rule, that if a special agent, whose authority is conferred by statute or orders of court, acting in the capacity of a public officer, with limited and well defined powers, acts outside of the authority conferred, the principal will not be bound by his acts.

4. SUBSEQUENT PURCHASER, *with notice of the prior sale—who may declare a forfeiture.* A subsequent purchaser of land, with notice of the prior sale, will hold subject to all the rights of the first purchaser; and though the prior purchaser may be in default so that his vendor would be entitled to declare a forfeiture of his contract, at his option, yet that would not avail the subsequent purchaser, the vendor having the sole right to exercise such option.

5. SAME—*of improvements made by subsequent purchaser with notice.* If a subsequent purchaser, with knowledge of the prior equities of the first purchaser, make improvements on the premises, he will be regarded as having done so in his own wrong, and it will not avail him as against the prior purchaser, or those claiming under him.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

Messrs. CLARK & FOSDICK, for the appellant.

Mr. N. J. PILLSBURY, and Mr. A. E. HARDING, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a bill in chancery, exhibited by the appellant in the circuit court of Woodford county, to enforce the specific performance of an alleged verbal agreement on the part of the county of Livingston, to sell to him a certain tract of land described in the original and the amended bills, and to enjoin an ejectment suit then pending and undetermined in said court, for a part of said tract of land, commenced by the appellee Hercules, against the terre-tenants of appellant.

The appellant alleges in his amended bill, that in May, 1859, he applied to Woolverton, the agent and commissioner for the county, to purchase the northeast quarter of sec. 18, town 27 north, range 8 east, and that the agent, by a verbal contract, sold him the land for the sum of $5 per acre, on the terms proposed by the county for the sale of swamp lands, and the appellant set out the conditions of the verbal contract as follows :

" On condition that he do the drainage necessary to reclaim the land at his own expense, over and above said price, within five years from the date thereof, to the satisfaction of the supervisors of said county ; and that he improve, by cultivation or enclosure, one-half thereof within said five years, and to improve at least one-tenth part yearly until one-half thereof shall be improved to the satisfaction of said board of supervisors. "

It is further alleged, that the appellant had borrowed the principal sum to be paid for the land, for five years, for the use of which he was to pay interest at the rate of five per cent per annum, interest to be paid annually, in advance. It is further alleged that, at the time of the making of the alleged contract, Woolverton was at his residence, and not at his office or place of business, and that it was then and there expressly agreed by both parties that appellant was to take immediate possession of said tract of land, and at once commence to improve the same, and to return in 60 days from that date and

pay to said agent, for the use of said county, the sum of five per cent interest for one year on the purchase money, and that then appellant was to receive a contract in writing for the conveyance of said land to him.

It appears that after the making of the alleged contract by the appellant with the county, at the rate of $5 per acre, the board of supervisors, by an order entered of record, reduced the price of all swamp lands, and the appellant now insists that he is entitled to the benefit of such reduction on the lands, which he alleges he purchased of the county, and for that reason does not tender with his bill the price that he said he agreed to pay for the land, but tenders only the reduced price fixed by the late order of the board of supervisors.

The answer denies all the material allegations of the bill, and insists that the contract, if any was made, was within the statute of frauds, and therefore void. On the hearing, the bill was dismissed, and appellant brings the cause to this court by appeal.

It appears that before appellant applied to the county agent to purchase the tract of land in controversy, it had been sold to one Delos W. Hunt, and a certificate of purchase had been given to him under the rules and regulations established by the county court for the sale of swamp lands belonging to the county. This fact was known to the appellant when he applied to Woolverton, the agent of the county, to purchase the land. But he insists that the county agent then told him that Hunt had forfeited his contract, and that he agreed to sell him the land by a verbal contract, and directed him to go and take possession of the land, and to return within 60 days and he would execute to him the usual certificate of purchase. This is denied by the agent, Woolverton, but there is some evidence that strengthens the testimony of the appellant in regard to the contract. But if it be conceded that the agent did tell appellant that Hunt had forfeited his contract, we apprehend the county would be in no way bound by the declaration. Woolverton was only a ministerial

agent of the board of supervisors, a special agent of the county for the sale of these particular lands, with limited and well defined powers. He had no other powers than such as were conferred by the statute and the orders of the county court. The authority being a matter of law and public record, it may be presumed that the appellant knew the extent of the agent's authority in the premises. *Denning* v. *Smith,* 3 Johns. Chy. 332 ; *Marshall County* v. *Cook,* 38 Ill. 44.

The agent was not invested with power to declare the land contracts forfeited. That power rested alone in the board of supervisors. *The Board of Supervisors* v. *Henneberry,* 41 Ill. 179.

The board of supervisors had never, previous to the date of making the alleged contract, by any order, declared the contract of Hunt forfeited, or even intimated any intention to do so. In the absence of any action on the part of the board declaring the Hunt contract forfeited, the agent had no authority to do so, and his declaration to that effect was beyond the powers conferred on him. It is a general rule that, if a special agent, whose authority is conferred by statute or orders of court, acting in the capacity of a public officer, with limited and well defined powers, acts outside of the authority conferred, the principal will not be bound by his acts. *Keys* v. *Wesford,* 17 Pick. 273 ; *Nixon* v. *Hyersott,* 5 Johns. 58.

It does not appear that the county ever declared the Hunt contract forfeited, or ever manifested any intention so to do. The appellant, at the time of making his alleged contract, had notice of the Hunt sale, and of the rights acquired under that contract. We do not see, therefore, what rights the appellant could acquire under his alleged contract as against the prior rights of Hunt and his assignee. If he acquired any rights under the alleged contract, he must be held to have acquired the same under and subject to all the rights and equities of the former purchaser and his assignee.

The appellant insists that Hunt did not comply with his contract with the county, and therefore that neither Hunt nor

29—57TH ILL.

his assignee could acquire any rights under it. That is not a question about which he can concern himself. It is the province of the county to determine whether Hunt had complied with the terms of his contract, or whether they would insist on a literal compliance before they will execute the contract.

Before the appellant returned on the 20th of June, 1859, to complete his verbal contract, as he alleges he made it with Woolverton, the appellee Hercules, had presented to the agent the certificate of purchase issued to Hunt, duly assigned to him, on which the agent issued a new certificate to Hercules, and so advised the appellant. This was before the appellant had paid any money, or offered to pay anything, under the alleged verbal contract.

The board of supervisors have always recognized the rights of the appellee Hercules, as assignee of Hunt, and have steadily repudiated the alleged contract insisted upon by the appellant. In pursuance of the certificate of purchase, the board of supervisors caused a deed to be executed and delivered to Hercules for one-quarter of the quarter section.

It must be held, therefore, that if appellant made improvements on the premises, he did so in his own wrong, for he had full knowledge of the prior equities of appellee in the lands, and that the county recognized his equities, and did not insist upon a forfeiture of the Hunt contract. The agent, Woolverton, had no authority whatever to make a contract with the appellant for the land while the contract of Hunt was outstanding. The existence of that contract was fully known to appellant at the time of making the alleged verbal contract. The appellant had no right to presume that the Hunt contract was or would be declared forfeited by the county. In fact, the board of supervisors never did declare the Hunt contract forfeited, but, on the contrary, have always recognized it as being in full force. This view of the law will render it unnecessary to discuss the other questions raised by the counsel on the record, even if it be admitted that the appellant made the verbal contract, as alleged. The agent's authority

was to be found in the statute and in the records of the county court, and from them the appellant could know, and is presumed to have known, that the agent had no power to make the contract insisted upon.   We are, therefore, of opinion that the appellant acquired no rights under his alleged contract that he could assert against Hunt, the former purchaser, or any one holding under him.

The decree in the circuit court dismissing the bill will be affirmed.

*Decree affirmed.*