BRANCH, SONS & COMPANY, plaintiffs in error, *vs.* SUSAN DuBOSE *et al.*, defendants in error.

1. A continuance will not be granted because counsel is surprised at the testimony of his adversary, and because other testimony, by interrogatories sued out by the opposing party have not arrived, though the counsel state in his place that he expects to show by the other witness of the opposing party contradictory evidence to that proven by the witness who surprised him.

2. Testimony to the effect that an arrangement was made in 1871, by which a certain part of a crop was to go to the landlord, which was known to the factors who received the crop from the tenants, is admissible to show *prima facie* that the arrangement was continued in 1872, especially will the refusal to strike out such testimony not operate as good ground for a new trial, when it is clear that its exclusion ought not to change the verdict.

3. An unproductive suit on a guardian's bond will not operate as an estoppel upon the wards from the recovery of the property, or its value, from a third party who appropriated it after knowledge that it belonged to the wards.

4. A guardian cannot appropriate the property of his ward for his own benefit without at least complying with the forms of law; nor can the purchaser of such property, having notice of the wards' interest, acquire title under the sale.

5. A factor or commission merchant, who has, cotton consigned to him by tenants with knowledge that one-fourth belongs to the landlord, and with instructions to put it to the landlord's credit when sold, cannot apply it to payment of advances made to the tenants. After payment of commissions, storage, etc., he must hold the balance of the proceeds for the landlord.

Continuance. New trial. Evidence. Estoppel. Guardian and ward. Sales. Factors. Before Judge GOULD. City Court of Augusta. February Term, 1875.

Susan DuBose and William W. Simpson, as guardian of Louisa T. and William V. DuBose, minors, brought assumpsit against Branch, Sons & Company on the following bill of particulars:

"*Branch, Sons & Company,*

"1873. *To Susan DuBose and William W. Simpson, guardian,* Dr.
" April 24th. To net proceeds of twenty-one bales of cotton sold by
      you on our account, . . . . . . . . . . . . . . . $984 82

The record discloses no pleas. The jury found for the plaintiffs. The defendants moved for a new trial upon several

grounds.   The motion was overruled by the presiding judge in the following opinion, which reports the case:

"This suit was brought to recover one-fourth of the proceeds of a lot of cotton sold by the defendants as factors.   The plaintiffs claim that the cotton was raised, in 1872, on a plantation owned by them in South Carolina, and rented to two persons named Smith, who sent it to market.   These facts are not denied.   The plaintiffs further claim that they were entitled, by the terms of their lease, to one-fourth of the crop by way of rent, and that the defendants received the cotton for sale with notice of this interest, and understanding that they were to account for it.   The defendants admit the receipt and sale of the cotton and the amount of the plaintiffs' interest, if they have any interest, but deny any such interest, inasmuch as they say the cotton was sent to them by the Smiths in their own names alone, without any notice of the plaintiffs' claim.   They set forth a lien on the cotton, as the property of the Smiths, for a general balance of advances on their crop, and they insist, moreover, that James R. DuBose, guardian for Susan W. DuBose and her brother, then both minors, settled the account with the defendants, assuming the debts due to the defendants from the Smiths in the name of his firm of Arnold & DuBose, and taking to that firm all claim to the cotton and its proceeds."

"I believe these are the facts as insisted on by the opposing parties.

I. "The first ground of the motion for a new trial, is the refusal of the court to continue the case for want of the testimony of F. E. Smith.   He was one of the tenants who raised the cotton, and the defendants hoped to contradict by him the testimony of W. D. Smith, his co-tenant, which had been offered on the other side.

"Now, in the first place, it was not sufficiently shown to the court, what Mr. F. E. Smith's evidence would be; and, in the second place, no diligence was shown to obtain it on the part of the defendants.   The plaintiffs had issued a commission for him, which was not returned.   But this was not the

act of the party seeking the continuance. It is true that W. D. Smith's depositions had been very recently returned to court, within a day or two, if I remember right, and the defendants were only then aware of the necessity of contradicting him. But suppose he had been on the stand, and his evidence had been what the defendants did not expect, could these parties have claimed a continuance in the mere hope of obtaining contradictory testimony ? I can see no difference between the two circumstances.

II. "The second ground of the motion is the refusal of the court to strike out the testimony of W. D. Smith as to the arrangements for the crop of 1871, the crop of 1872 being the subject of litigation. There was evidence going to show that the arrangement of 1871 was continued to 1872, with the knowledge of the defendants. Whether that evidence was sufficient or not, I was not competent to decide at that stage of the case. It was certainly sufficient to make the testimony objected to admissible, and the effect of the whole was matter for the jury, and not for me to decide.

III. "The third ground is the striking out of one of the defendants' pleas. This plea set forth a recovery, in Wilkes superior court, by the minors against their guardian, James R. DuBose, and his securities, on his guardian's bond, for divers charges of mismanagement, and the ground taken was, that admitting their claim against the defendants to be *prima, facie* valid, they had elected to pursue a co-ordinate remedy, and were estopped by that. This ground and the eighth, involve the same question of estoppel, which I will consider when I come to that ground. At present, I only remark that though the plea did state that the claim was embraced in the suit in Wilkes, the record of that suit showed that it was not, except in the general and loose language of 'other defaults,' or words to that effect, so that it did not appear that this matter had ever been adjudicated, nor was it pleaded or claimed that the judgment in Wilkes had ever been satisfied.

IV. "The fourth ground of the motion is the ruling out of the receipt of Arnold & DuBose.

Branch, Sons & Company *vs.* DuBose *et al.*

1st. " This paper was *res inter alios acta,* and could prove nothing between the parties.

2d. " If the documents mentioned in that paper were received by Arnold & DuBose, there was higher evidence of the fact, the testimony of the parties, and the person who signed the receipt was actually on the stand as a witness. A mere written memorandum drawn by a third person is no evidence.

" No other ground stated in the motion was urged in the argument, except the eighth. I therefore dispose of the remaining grounds without comment.

VIII. " The eighth ground raises the question whether the minors in the case, were estopped by the act of their guardian in the transfer of the entire interest in this cotton to Arnold & DuBose. The ground states that the guardian was present and 'permitted' the arrangement to be made. The evidence was that he made it himself, which perhaps strengthens the force of this ground for a new trial. I shall consider it in that light, and then the question arises, can a guardian dispose of the property of his ward, for his own benefit, without complying with the forms of law? Again, does the purchaser of such property, having notice of the ward's interest, acquire a title under the sale, leaving the ward to his remedy against the guardian? Again, is the ward estopped as against the purchaser, by this act of the guardian? Does the suit against the guardian amount to such an election of remedy as to relieve the purchaser until the judgment against the guardian is satisfied?

" I do not think argument necessary in answering any of these questions.

" The rule for a new trial must be discharged."

To this judgment defendants excepted.

FRANK H. MILLER, for plaintiffs in error.

BARNES & CUMMING, for defendants.

Brady *et al. vs.* Walters.

JACKSON, Judge.

Susan DuBose and William W. Simpson sued Branch, Sons & Company in the city court of Augusta, for the sum of $984 82. The jury found for plaintiffs. A motion was made for a new trial on various grounds. We think none of them good, and adopt the opinion of Judge GOULD contained in the record, as our own, a syllabus of which 'will appear in the head-notes furnished the reporter. We remark that we find no plea at all set out in the record. A copy of an amended plea appears in the motion for a new trial, and that, so far as this record discloses the pleadings, is the only plea defendants filed. In the judge's opinion overruling the motion for a new trial, there are also allusions to other pleas; however that may be, the evidence is overwhelming in favor of the verdict, and the result must have been the same, no matter what pleas had been filed.

Judgment affirmed.