THOMAS KEATING v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*Statute of limitations—Infancy—Appointment of next friend.*

1. How. Stat. § 8713, which bars an action on the case unless commenced within six years after the cause of action accrues, does not commence to run as against an infant until he attains his majority.

2. The commencement of suit by an infant, by his next friend, will not set the statute of limitations in motion, so as to deprive him of its full benefit after he becomes of age.

Error to Ingham. (Person, J.) Argued November 30, 1892. Decided December 22, 1892.

Negligence case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Black & Dodge,* for appellant.

*R. A. Montgomery,* for defendant.

LONG, J. This is an action for negligent injuries. Upon the stipulated facts, the trial court directed the verdict in favor of the defendant.

It appears that the injury occurred on July 13, 1876, when plaintiff was seven years old. On March 16, 1877, his father was appointed as next friend in a suit then about to be brought in the Ingham circuit court against the defendant for such injuries. The order appointing the

father·next friend was made by one of the circuit court ·commissioners of that county.    Suit was brought against the defendant company on that date by the plaintiff, by his next friend, for the injuries complained of in the ·declaration in this suit.    That suit, on March 7, 1878, was ·brought on for trial, and, after the evidence on the part ·of the plaintiff was put in, he submitted to a nonsuit, with leave to move to set the same aside.    In December, 1882, an order was entered discontinuing the suit.    August ·25, 1883, suit was again brought by the plaintiff, by his next friend, in the same court, for the same cause of action, ·and that suit discontinued, December 27, 1890.    The pres-·ent suit was brought within one year after the plaintiff became of age.    Defendant pleads the statute of limita-·tions.

How. Stat. § 8713, provides that—

" The following actions shall be commenced within six years next after the cause of action shall accrue, and not ·afterwards, that is to say:    *    *    *    *    *    *    *
" 7. All actions on the case," etc.

It is provided by section 8718, in the same chapter, as follows:

" If any person entitled to bring any of the actions mentioned in this chapter shall, at the time when the cause of ·action accrues, be· within the age of twenty-one years, insane, or imprisoned in the State prison, or absent from the United States and from the British provinces ·of North America, such person may bring the action within the times in this chapter respectively limited after ·the disability shall be removed," etc.

It is contended by defendant's counsel that the term ·" disability," used in ·this statute, means the disability to ·bring suit, and that, when the right to bring suit begins, ·the disability is removed; that infancy is not a disability, ·but an infant may be disabled from bringing suit; and that, ·when a guardian is appointed, the disability is removed, as

then the infant is in a position to bring and maintain his
suit, and consequently then the statute begins to run. It
is further contended that, if this position is not well taken,.
when the guardian actually brings suit the statute begins
to run from the date the suit is commenced.

We cannot agree with this contention. It is evident.
that the disability mentioned in the statute can have no
other meaning than the infancy of the party, and it is not.
removed until the full period of his nonage shall elapse.
The rule is well stated in Wood on Limitations (section
238) as follows:

" Persons who have not attained the age of majority are
infants, and, in those states where infancy is within the
saving clause of the statute, the statute does not begin to
run against him or her, even though he or she has a.
guardian who might sue the claim in question, nor even
though other persons are jointly interested in the claim
who are of full age, until he or she attains the age of
majority. The fact that a guardian or the infant himself
brings a suit before the disability is removed does not ope-
rate as a waiver of the saving clause in favor of the dis-
ability."

This rule is supported by *Kuchenbeiser v. Beckert,* 41
Ill. 179; *Frost v. Railroad Co.,* 64 N. H. 220 (9 Atl.
Rep. 790); *Pierce v. Dustin,* 24 Id. 417; *Grimsby v. Hud-
nell,* 76 Ga. 378; *Bacon v. Gray,* 23 Miss. 143; *Jackson v.
Ransom,* 10 Johns. 408; *Chandler v. Vilett,* 2 Saund. 120;.
*Seward v. Clark,* 67 Ind. 300; *Wright v. Miller,* 1 Sandf.
Ch. 103. Under these authorities it is well settled that.
the disability of the plaintiff is not removed until he attains.
his majority.

The fact that suit was actually commenced in the name
of the infant, by his next friend, did not set the statute
in motion, so that any lapse of time would bar it short of
the time fixed by the statute, which is six years after his.
majority.

The court below was in error.

Judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.