WILLIAM F. HERVEY *vs.* LUCIE A. RAWSON.

Worcester.    September 30, 1895. — October 19, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Improper Investment of Guardian of Insane Person — Merger — Action —
Probate Account — Bond — Statute of Limitations.*

If the Probate Court adjudges that a loan was one which the former guardian of an insane person was not authorized to make, and charges him with the amount of it in his account, and an action is brought in this court against such guardian and his sureties upon his bond to obtain execution against them for the same amount, and the action is still pending, the contention that by the decree of the Probate Court the right of action against the borrower is merged therein, and that the only remedy of the plaintiff is by an action on the bond, cannot avail, and the fact that the borrower is one of the sureties on the bond is immate-

rial. The borrower may be compelled to pay so much of his indebtedness as he can to the plaintiff, and the balance may be recovered of the obligors on the bond.

An action by an insane ward by his guardian, brought more than six years after the date when the transaction in question occurred, is not barred by the statute of limitations, if it comes within the provisions of Pub. Sts. c. 197, § 9.

CONTRACT, for money had and received. Trial in the Superior Court, without a jury, before *Richardson*, J., who found for the plaintiff, and the defendant alleged exceptions. Writ dated December 17, 1894. The following facts were proved or admitted.

The plaintiff had been insane since 1877. Charles I. Rawson was his guardian from 1877 to March, 1894, when he was removed, and Francis H. Dewey was duly appointed guardian.

Charles I. Rawson, guardian, on April 7, 1885, loaned the money of the estate to the defendant, who was his wife, and who was a sister of the ward, and took therefor her note without security, payable to the plaintiff, she then knowing that this money belonged to the ward's estate. The amount of this money so loaned was the whole of the estate of the ward, but was never recognized or ratified as a lawful loan by the Probate Court, or by the new guardian.

In an account called " the final account of Charles I. Rawson as guardian," he was adjudged by the Probate Court to have in his hands due the estate $8,821.14, and interest from September 1, 1894, being the money loaned to the defendant, no part of which sum has been paid to the new guardian, Francis H. Dewey, or for the benefit of the estate. No part of the loan to the defendant has been paid by her, though demand was made on her for the money before the action was brought.

The defendant was one of the sureties on the bond of Charles I. Rawson, guardian. On or about the date of the writ in this action, the bond was put in suit in the name of the judge of probate, and the action is still pending. The defendant asked the judge to rule that on these facts the plaintiff could not recover. The judge declined so to rule, and found for the plaintiff in the same sum found due in the Probate Court on the account, the plaintiff claiming no larger sum.

*W. A. Gile & C. T. Tatman*, for the defendant.

*T. G. Kent*, (*G. T. Dewey* with him,) for the plaintiff.

FIELD, C. J.  The money lent to the defendant was the money of the plaintiff.  The note taken was payable to the plaintiff.  It does not appear that the note was on time or was negotiable, and if it was negotiable, the plaintiff while insane and under guardianship could not negotiate it, and it does not appear that his former guardian had indorsed it, and he could not indorse it after he was removed from the office of guardian. There is nothing in the exceptions which shows that the note is now outstanding as a valid note in the hands of some other person than the plaintiff or his former guardian.  It is not contended that the plaintiff is not the proper party to bring the suit; there is no objection to the form of the pleadings, and the plaintiff through his present guardian could repudiate the note.

The objection of the defendant is that the action cannot be maintained, because the Probate Court, in passing upon the account of the former guardian, has adjudged that this loan was one which the guardian was not authorized to make, and has charged him with the amount of it in his account, and a suit has been brought in this court against the guardian and his sureties upon the bond of the guardian for the purpose of obtaining execution against them for the amount of the loan, and this suit is still pending.  The fact that the present defendant is one of the sureties on the bond seems to us immaterial.  The contention is that, by the judgment or decree of the Probate Court charging the former guardian, the right of action against this defendant is merged in that judgment or decree, and that the only remedy of the plaintiff is by an action on the bond.  The plaintiff cannot, of course, have more than one satisfaction, but the general rule in cases of trust is that, when the trust property has been misappropriated or misapplied by investing it in an unauthorized manner, the beneficiary may pursue and recover the trust property so far as it can be traced, unless the purchaser or holder of it has obtained a good title against the beneficiary, and can also recover of the trustee any damages which the beneficiary has sustained by reason of the misappropriation or misapplication.  We think that this rule applies to guardians of insane wards.  This defendant should be compelled to pay her indebtedness, if she can, to somebody, and it is a simpler pro-

ceeding to compel her to pay so much of it as she can to the plaintiff, and leave the rest to be recovered of the obligors on the bond, than to collect the whole of them and leave them to collect what they can of her, although the plaintiff through his present guardian is at liberty to proceed in either way, as he chooses. *State* v. *Murray*, 24 Md. 310. *Hill* v. *McIntire*, 39 N. H. 410. *Beam* v. *Froneberger*, 75 N. C. 540. *Branch* v. *Du Bose*, 55 Ga. 21. *Edmonds* v. *Morrison*, 5 Dana, (Ky.) 223.

There is no merger of the claim against the defendant in the decree in the Probate Court charging the former guardian. That decree cannot be enforced directly against her. It is only by reason of her contract in signing the bond as surety that she is affected by that decree, and her liability upon the bond is not in every event which might have happened necessarily the same as the amount of her indebtedness to the plaintiff. That indebtedness arose after the bond was given, and the bond was not given for the indebtedness.

The statute of limitations seems to us no defence to the action. Pub. Sts. c. 197, § 9.	*Exceptions overruled.*