LOUISE M. FUNK, by Her Committee, Albert J.
Long,

*vs.*

HENRY F. WINGERT, JAMES A. POMEROY,
EDWARD L. POMEROY, Partners, Trading as Pome-
roy Bros. & Co., et al.

*Limitations: Code, Volume 2, Article 57, Section 2. Lunatics:
appointment of committee; limitations.*

The appointment of a committee does not start the running
of the Statute of Limitations against the lunatic who was such
at the time the right of action accrued.                    p. 525

In Article 57, Section 2 of the Code (suspending limitations
as to infants and lunatics), the same construction should be
given to the word "disability," whether applied to infant or
lunatic.                                                    p. 526

*Decided June 24th, 1919.*

Appeal from the Circuit Court for Frederick County.
(Worthington & Peter, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Burke, Thomas, Pattison, Urner, Stockbridge and Ad-
kins, JJ.

*Frank G. Wagaman,* for the appellant.

*Harvey R. Spessard,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

This suit was on a promissory note dated May 27th, 1904, from Pomeroy Brothers & Co., Henry F. Wingert, James A. Pomeroy and Edward L. Pomeroy to Louise M. Funk, payable sixty days after date.

The *narr.* was filed on the 29th day of March, 1918, by Louise M. Funk, by her Committee, Albert J. Long, against the makers of said note. To this *narr.* defendants pleaded:

First—That they never promised as alleged. Second—That they never were indebted as alleged. Third—That the alleged cause of action did not accrue within three years before this suit. And several other pleas of limitation in various forms. Subsequently all except the first three pleas were withdrawn.

Plaintiff for replication joined issue on first and second pleas and traversed the third plea, and later filed a second replication to defendants' third plea as follows:

"And for a second replication to the third plea of said defendants plaintiff says that at the time said cause of action accrued, the said Louise M. Funk was *non compos,* and that the said Louise M. Funk has been *non compos* ever since said cause of action accrued."

Defendants demurred to said second replication, which demurrer was overruled; whereupon defendants filed the following rejoinder, viz:

"The defendants for rejoinder to the replication of Louise M. Funk, by her committee, Albert J. Long, to the pleas of Henry F. Wingert, James A. Pomeroy and Edward L. Pomeroy, trading as Pomeroy Brothers, in the above entitled cause, say:

"That the said Louise M. Funk was adjudicated a lunatic on the 4th of May, 1911, and that on the 5th day of May, A. D. 1911, the said Albert J. Long was appointed Committee and Trustee of the person and estate of the said Louise M. Funk, with full power and authority to take charge of and manage the property and to assume control of the person of the said

Louise M. Funk, by the Circuit Court for Carroll County, sitting as a Court of Equity, and that the said Albert J. Long qualified as such Committee and Trustee by giving bond in the penalty of Five Thousand ($5,000) Dollars, with approved security, and has been acting as such Committee and Trustee continuously since to this date, and that the said Albert J. Long, Committee and Trustee as aforesaid, had full knowledge of the existence of and possession of the alleged note sued on in this case for a period of more than five years before filing this suit."

Plaintiff demurred to said rejoinder, which demurrer was overruled by a divided Court. Whereupon by agreement of parties, case was heard before the Court, and on motion of defendants all the evidence was stricken out, and judgment entered in favor of defendants for want of answer to the rejoinder, and judgment was entered accordingly in favor of defendants with costs of suit. From which judgment this appeal was taken. Appellant abandoned her exception to the striking out of the testimony by the lower Court, so the only question before us is on the demurrer to the rejoinder. Appellant contends the demurrer should have been sustained for two reasons:

1. Because limitations can be raised only by a plea and not by a rejoinder after the rule day for filing pleas has passed.

2. Even if the question of limitations can be raised by rejoinder, the demurrer should have been sustained, because the appointment of a committee does not start the running of the Statute of Limitations against a lunatic, who was such at the time the right of action accrued.

As to the first point we do not understand that the rejoinder in this case is intended to serve as an original defense of limitations, but only as an answer to the replication to explain why the plaintiff in this case does not come within the saving clause of the statute. If the rejoinder were good in substance it would not, in our opinion, be demurrable, but

it is not necessary to decide that question because we think the demurrer should have been sustained on other grounds.

*Code,* Art. 57, sec. 2, provides:

> "If any person entitled to any of the actions mentioned in the preceding section shall be at the time such cause of action accrues within the age of one and twenty years or *non compos,* he or she shall be at liberty to bring the said action within the respective times so limited *after the disability is removed,* as other persons having no such disability might or should have done."

It was contended by the appellee and decided by the lower Court that the disability here referred to is the lack of ability to sue, and that when a committee and trustee is appointed for the *non compos* there is no longer such disability and the statute starts to run.

We have been referred by appellee to several cases in Maryland which decide that where there is a trustee or other representative of a *cestui que trust* holding legal title to the cause of action the statute bars. *Crook* v. *Glenn,* 30 Md. 55, and other cases.

But the committee of a *non compos* does not hold the legal title to the property of such *non compos* and cannot sue in his name as committee. Such a suit must still be brought in the name of the *non compos* by another, and he is under no less disability to bring suit after the appointment of a committee than he was before, the only difference being that before such appointment the suit would be by the lunatic in his own name by his next friend, and after the appointment it would be in the name of the lunatic by his committee.

It will be noted that in the saving clause of the statute infants and lunatics are put in the same class. It is not perceived why the same construction should not be given to the word "disability" whether applied to infant or lunatic.

The precise question involved in this appeal was decided in *Bourne* v. *Hall,* 10 R. I. 139.

And the same point as to infants was decided in *Keating* v. *Michigan Ry. Co.,* 94 Mich. 219, where the plaintiff after becoming of age sued on a claim which had twice been sued on during his infancy by the infant by next friend appointed by the Court to bring suit, said suits having been dismissed.

In both these cases it was held that the term "disability" used in the statutes did not mean mere disability to bring suit. In the *Rhode Island case* the Court, speaking of a lunatic, said: "The fact that he had guardians who might have sued for him does not, in our opinion, qualify the privilege which is conferred upon him by the exceptions in those statutes, there being no words in either statute (the Statute of Limitations or the Statute of Possession) which import that the privilege is to be subject to any such qualification." And in the *Michigan case* the Court said: "It is evident that the disability mentioned in the statute can have no other meaning than the infancy of the party, and it is not removed until the full period of nonage shall elapse." See also *Wood on Limitations,* sec. 238.

But apart from the persuasive reasoning of the cases above cited, we are satisfied the lower Court construed too narrowly the saving clause of our statute, for the following reasons, viz:

First—Such a construction leaves that clause without any real meaning, because a lunatic, or infant, is never under disability to sue substantially in the way he can sue after the appointment of a committee or guardian.

Second—The mere disability to sue was not, in our opinion, the only reason for the saving clause. It might well happen that facts necessary to maintain a suit could be proved only by the lunatic, or that information as to witnesses could be furnished only by him.

It seems clear to us that the disability meant by the Legislature was the general disability of lunacy or infancy as to the care of property and the safe-guarding of rights.

*Judgment reversed, with costs to appellant, and new trial awarded.*