Sadie C. Schiavone et al., Appellees, v. Catherine Ashton, Appellant.
Catherine Ashton, Appellant, v. Sadie C. Schiavone et al., Appellees.

Gen. No. 35,694.

Opinion filed February 8, 1933.

L. F. BINKLEY and WILLIAM E. MOONEY, for appellant.

FREDERICK A. BROWN, for appellees; WM. G. WORTHEY and EDWARD D. LAPPERRE, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

In this case Sadie C. Schiavone and Michael F. Schiavone brought their bill in equity against Catherine Ashton to set aside and hold for naught a contract dated September 25, 1924, in and by which they had agreed to sell a vacant lot in Chicago to Mrs. Ashton. Mrs. Ashton filed an answer and cross-bill to specifically perform the contract. A decree was entered by the court canceling the contract and denying specific performance. Upon an appeal to the Supreme Court, *Schiavone v. Ashton,* 332 Ill. 484, an opinion was filed and judgment entered at the December 1928 term, reversing and remanding the cause with directions to enter a decree dismissing the original bill and granting specific performance in accordance with the prayer of the cross-bill. In the instant case, after reversal by the Supreme Court, supplemental bills of complaint were filed by Mr. and Mrs. Schiavone and Mrs. Ashton, in which Mr. and Mrs. Schiavone, in their supplemental bill, seek to prevent conveyance of the property until they are

compensated for or permitted to remove improvements made on the property during the litigation, and Mrs. Ashton, in her supplemental bill, seeks to remove certain mortgages made during the litigation, cancel leases, obtain possession and damages for the loss which she has sustained because Mr. and Mrs. Schiavone have refused to convey on time as agreed in their contract.

The case was again referred to a master, who made his report, together with an additional and supplemental report. Objections filed to the report by all parties were overruled and ordered to stand as exceptions to the master's report.

On September 23, 1931, the final decree was entered, wherein the court finds that the execution of the original contract was not obtained by fraud or misrepresentation, and that the contract is fair and equitable; that Catherine Ashton in January, 1929, tendered Mr. and Mrs. Schiavone $1,691, the entire balance due on said contract, with interest, and demanded a deed; that Mr. and Mrs. Schiavone illegally and unlawfully repudiated the contract on January 26, 1925, and on the next day filed the original bill of complaint herein.

The court further finds that on November 28, 1927, Sadie C. and Michael F. Schiavone made, executed and delivered their three promissory notes for $10,000, and interest, and secured payment by the execution of a trust deed on the premises in question; that said notes were sold, and are now owned by the Chicago Title and Trust Company, one of the defendants herein.

It further appears from said decree that after the filing of the report of the Honorable D. J. Normoyle, master in chancery, and beginning on or about the first day of November, 1927, Mr. and Mrs. Schiavone, believing themselves to be the owners of said premises and in good faith relying upon the report of said master and the decree of the Honorable Harry M.

Fisher, one of the judges of the circuit court, and having a right, as a matter of law to rely thereon, did in good faith erect upon said lot a brick building at a cost of $11,685.76, which enhanced the value of the premises to that extent, and for which Mr. and Mrs. Schiavone are entitled to credit with interest at five per cent in the aggregate amount of $13,853.46; that the Schiavones also paid certain taxes and insurance for which they are entitled to credit with interest in the sum of $528.34.

The decree further finds that Mrs. Schiavone collected rents from Goodman Bros., a tenant in the premises, for which she should account to Mrs. Ashton, with interest, in the amount of $7,331.70; that Mrs. Ashton is entitled to credit for the costs taxed in the Supreme Court and interest aggregating $319.22; that Mrs. Ashton, the cross complainant as a matter of law, is not entitled to recover the deprecia- tion in value of the property since the filing of the original bill by the complainants, Mr. and Mrs. Schia- vone, and it is therefore unnecessary to determine such depreciation; that the statutory fees of the master in the sum of $349.50, which were paid by the cross complainant, should not be allowed to her as a credit for said sum so advanced.

The court further finds that the net balance due Michael F. and Sadie C. Schiavone is $8,421.88, which has been pledged to the Chicago Title & Trust Company by the notes and trust deed aforesaid; that the court denied any relief under the original bill filed by Mr. and Mrs. Schiavone; directed specific per- formance of the contract entered into with Mrs. Cath- erine Ashton, subject to a lien of $8,421.88 to the Chicago Title and Trust Company by virtue of a cer- tain trust deed and notes executed by the original complainants.

The court further directed the furnishing of an abstract or guaranty policy within 30 days, ordered that said sum of $8,421.88, be paid by the cross complainant with interest at five per cent after date and within 60 days, whereupon the Chicago Title & Trust Company was directed to release the trust deed, otherwise the trust deed to become a valid lien for this amount at six per cent from date; ordered dismissal of the portion of the supplemental cross-bill seeking damages for depreciation and directed all defendants to forthwith surrender up said premises to Mrs. Catherine Ashton. It is from this decree that this appeal has been perfected by the cross complainant Catherine Ashton.

The cross complainant contends that the chancellor erred in refusing to dismiss complainant's original bill and the supplemental amendment thereto filed by the original complainants for want of equity.

The mandate of the Supreme Court in the case of *Schiavone v. Ashton*, 332 Ill. 484, directed the trial court to dismiss the original bill filed by the complainants, Sadie C. and Michael F. Schiavone for want of equity, and also directed the court below to grant the relief prayed for by Catherine Ashton in the cross-bill filed in that case.

It is well understood that the purpose of a supplemental bill is to bring before the court supplemental facts that occurred after the original bill was filed, so that the court may grant the successful complainants relief on the facts as they appear at the date of the decree. The trial court should have followed the mandate of the Supreme Court, which directed that the bill be dismissed for want of equity. The court, however, finds in the decree in the instant case that complainants illegally and unlawfully repudiated the contract between the parties thereto. If the complainant is not entitled to relief based upon the charges

contained in the original bill of complaint, such bill cannot be aided by a supplemental bill such as was filed in this case. *Brownback v. Keister,* 220 Ill. 544. Therefore the court erred in not dismissing the bill of complaint and the supplemental bill thereto for want of equity.

The next point to be considered is, Did the chancellor err in finding and decreeing that Mr. and Mrs. Schiavone placed the improvements on the vacant lot in good faith, and in granting compensation therefor? From the cross-bill of Mrs. Ashton and the knowledge that Mr. and Mrs. Schiavone had of the terms of the contract which was executed by them, and the finding by the chancellor that the complainants illegally and unlawfully repudiated the contract executed by them, would indicate lack of good faith. The fact that the master in chancery's recommendations were approved, and the chancellor in the decree granted the relief prayed for by the complainants in their original bill does not sustain the theory of good faith of the complainants. The decree was not a final one, having been appealed from by the cross complainant to the Supreme Court and reversed, and is now pending before this court on a further appeal from the decree in the instant case. The cross defendants are chargeable and presumed to know of the errors in the record. The language used in the opinion of the court in *Ure v. Ure,* 223 Ill. 454, is applicable to the instant case. The court said:

"A party to a suit is presumed to know of all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof."

The case of *Dart v. Hercules,* 57 Ill. 446, is pertinent in the instant case upon the facts as they appear in the record. It appears in that case that the complain-

ant, knowing that another held a contract to purchase real estate, procured a contract to purchase the same real estate, and when he could not enforce his contract, sought to be reimbursed for the improvements he had placed thereon. The court, in denying this claim, said:

"It must be held, therefore, that if appellant made improvements on the premises, he did so in his own wrong, for he had full knowledge of the prior equities of appellee in the lands. . . . We are, therefore, of opinion that the appellant acquired no rights under his alleged contract that he could assert against Hunt, the former purchaser, or any one holding under him."

The complainants and cross defendants in the instant case made the improvements and constructed the building on the premises in question, with full knowledge of the equities of the cross complainant in and to this lot. It appears in the case of *Cable v. Ellis,* 120 Ill. 136, that the Supreme Court announced the general rule which applies to this question of improvements. The court in that case said:

"The general rule of law as to improvements unquestionably is that improvements made upon real estate, of a fixed and permanent character, and attached to the realty, by one who has no title or interest in the premises, and without the consent of the owner of the fee, become a part of the realty," and the court then goes on to say: "There is, however, no principle of law permitting the owner or mortgagor, or his grantee, or a subsequent purchaser with notice of prior equities of first purchaser, to make improvements on the premises and have a prior lien therefor, but such improvements will pass upon sale of the premises."

The question arises, Was the court justified in refusing to hold the notes and trust deed in the instant case void as to the cross complainant? The decree in

the instant case in substance provides that there is a net balance for rents collected due from Mr. and Mrs. Schiavone to the cross complainant, which is credited by the court against the cost of the building improvements, leaving a balance of $8,421 to be paid to the Chicago Title & Trust Company by the cross complainant to satisfy the lien. These notes were delivered to the Chicago Title & Trust Company by the cross defendants secured by a trust deed. The notes so secured and delivered to the Chicago Title & Trust Co. were executed by the Schiavones and they used the money to pay for the building improvements which the Schiavones erected on the lot in question, pending the proceeding and cross complainant's appeal to the Supreme Court of this State.

Cross complainant is not liable for the construction cost, and it necessarily follows that the cross complainant should not be held to apply the amount found to be due from the Schiavones to her in part payment of the construction cost of the building, and to pay the difference to the Chicago Title & Trust Company in satisfaction of the lien of the trust deed. If the rule were otherwise, it would subject this property to a lien created by the acts of the cross defendants with knowledge of the rights of the cross complainant to the premises, and without any knowledge on the part of the cross complainant.

The notes and trust deed held by the Chicago Title & Trust Company were executed by the cross defendants and delivered during the proceedings in the instant case. Knowledge of such pending proceedings is properly chargeable to the Chicago Title & Trust Company, one of the defendants herein, and being so chargeable, it takes the notes and trust deed subject to the rights of the cross complainant, and the lot in question is not subject to the lien of the trust deed. Par. 57, ch. 22, Cahill's Ill. Rev. Stats. 1931.

The Supreme Court, in *Moore v. Zelic,* 338 Ill. 583, in passing upon the validity of the Act of 1917, which provides that the filing of a bill shall be constructive notice of the suit, held the act valid and that the act did not violate vested rights, and in the same case on the question of the doctrine of *lis pendens,* said:

"Lis pendens means a pending suit. Under the common law, while a suit was pending nothing in relation to the subject matter thereof could be changed, and one acquiring from a party to the proceeding an interest in the property involved in the litigation, where the court has jurisdiction of the subject matter and of the person of the one from whom the interest is acquired, takes such interest subject to the rights of the parties to the litigation as finally determined, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. (*Norris v. Ile,* 152 Ill. 190; 1 Story's Eq. Jur. sec. 406.) The doctrine of *lis pendens* is based on questions of public policy and convenience as necessary to the administration of justice, in order that decisions in pending suits may be binding and of full effect and that an end be had to litigation. (*Davidson v. Dingeldine,* 295 Ill. 367; *Norris v. Ile, supra.*)"

We have considered the question raised by the cross complainant in this case, that the court erred in not granting compensation for a depreciation in value of the premises during the pendency of these proceedings. The cross complainant frankly admits that there is no decision of a court of appellate jurisdiction where a claim for compensation for depreciation has been passed upon, but contends that equity is not limited to precedents, and that a court may devise and enforce new remedies, if necessary, to prevent a miscarriage of justice. The answer in our opinion is plain and free from doubt that if the cross complainant wished to recover damages for a breach

of the contract, the proper remedy would have been by an action at law and not in equity. By the action of the cross complainant filed in the instant case she desired the enforcement of the contract, and called for specific performance in a court of equity, and that carried with it the improvements made by the cross defendants after full knowledge of the equities of the cross complainant in and to the lot in question. The conclusion thus reached by this court disposes of the question as to whether the court erred in not allowing the cross complainant compensation for the use of the property or interest on the value of the land from Jan. 26, 1925 to April 1, 1928.

The chancellor having found that Mrs. Schiavone collected rent from the Goodman Bros., a tenant in possession of the improvements on the lot, she should account to the cross complainant with interest amounting to the sum of $7,331.70. The court erred, however, in applying this sum as a credit upon the building cost, which building was erected by the cross defendants, with knowledge of the equities of the cross complainant in the property in question.

The chancellor in entering the decree did not allow for payment made by the cross complainant of the statutory fees of the master for the sum of $349.50 in the instant case. We believe under the facts that this was inequitable, and that the cross complainant should be credited with this amount.

The decree is reversed and the cause remanded with directions to modify the decree in conformity with the views herein expressed by the court.

*Decree reversed and cause remanded with directions.*

Wilson, P. J., and Hall, J., concur.