Theodore L. White, Jr., of New York City, for plaintiff.

Martin Conboy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for defendant.

### WOLF v. UNITED STATES.

District Court, S. D. New York.

March 11, 1935.

PATTERSON, District Judge.

The action is to recover on a war risk insurance policy taken out by Kornman, the plaintiff's incompetent. It is alleged in the petition that Kornman enlisted in the army, that a war risk policy in the sum of $10,000 was issued to him, that he became totally and permanently disabled while in the service and while the policy was still in force, that Kornman was duly adjudged incompetent and the plaintiff appointed his committee in 1922, and that there is a disagreement with the Veterans' Bureau in respect of Kornman's rights under the policy. Suit was commenced on March 3, 1933.

The motion is by the United States to dismiss the case for "lack of jurisdiction," on the ground that the suit was not commenced within the time limited by law. The pertinent statute is section 19 of the

World War Veterans' Act of 1924, as amended by Act July 3, 1930, § 4, 38 USCA § 445, to the effect that suit on such a policy must be commenced within six years after accrual of the cause of action or within one year after July 3, 1930, whichever is the later date. There is this proviso: "Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the bureau shall have three years in which to bring suit after the removal of their disabilities."

The motion must be denied. It appears that under the general limitation of six years from accrual of cause of action or one year from July 3, 1930, this action would be barred. The question is whether the clause as to insane persons quoted above saves it. The defendant contends that the special limitation relative to insane persons does not save it, because, it is said, the appointment of the committee in 1922 was a "removal" of the incompetent's disability, and this removal occurred more than three years prior to suit. The plaintiff urges that the appointment of the committee was not a "removal" of the disability, that the disability continues as long as the insanity persists or until death.

There seems to be no authority bearing directly on the construction of this provision of the Veterans' Act. The cases under analogous state statutes suspending the running of limitations in favor of infants and incompetents support the plaintiff's argument. Where there is a statute to the effect that a suit on a cause of action accruing to an infant or insane person may be brought within a specified time after removal of the disability, it is generally held that the appointment of a guardian or committee is not a removal of the disability in the sense that it starts the running of the time limitation. The saving clause is held to cover the time of continuance of infancy or insanity. Funk v. Wingert, 134 Md. 523, 107 A. 345, 6 A. L. R. 1686; Monroe v. Simmons, 86 Ga. 344, 12 S. E. 643; Hervey v. Rawson, 164 Mass. 501, 41 N. E. 682; Keating v. Michigan Central R. Co., 94 Mich. 219, 53 N. W. 1053; Finney v. Speed, 71 Miss. 32, 14 So. 465; Bourne v. Hall, 10 R. I. 139. The view is taken that the Legislature had in mind, not merely the inability to sue, but also the difficulties of the incompetent in giving information and in testifying. Funk v. Wingert, supra.

The defendant presses the words "other legal disability," as indicative of a different meaning in the case of this statute. I am satisfied, however, that Congress intended the proviso to have the same effect as the comparable state statutes. In the case of suits by or for insane persons, the appointment of a committee is not a "removal of their disabilities."