PAAVOLA v SAINT JOSEPH HOSPITAL CORPORATION

Docket No. 60405. Submitted June 29, 1982, at Lansing.—Decided August 25, 1982. Leave to appeal applied for.

Martha Paavola, as guardian of the estate of Karen R. Paavola, a mentally incompetent person, filed suit against Saint Joseph Hospital Corporation in Genesee Circuit Court on February 25, 1981, alleging that the mental incompetence of her daughter, Karen R. Paavola, was caused by defendant's negligence in 1973. Mrs. Paavola had been appointed guardian of her daughter on June 19, 1979. The trial court, Harry B. McAra, J., granted defendant's motion for accelerated judgment on the ground that the suit was barred by the running of the period of limitation. Plaintiff appeals. *Held:*

The appointment of a guardian for an insane person does not constitute removal of the insane person's disability for purposes of the statute which extends and suspends periods of limitation for persons under a legal disability. Periods of limitation, therefore, do not begin to run against insane persons upon such appointment. The filing of plaintiff's complaint on behalf of her mentally incompetent daughter was timely.

Reversed.

LIMITATION OF ACTIONS — INSANE PERSONS — APPOINTMENT OF GUARDIAN — REMOVAL OF DISABILITY.

The appointment of a guardian for an insane person does not constitute removal of the insane person's disability for purposes of the statute which extends and suspends periods of limitation for persons under a legal disability; periods of limitation therefore do not begin to run against insane persons upon such appointment (MCL 600.5851; MSA 27A.5851).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by

REFERENCES FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions § 189.
Appointment of guardian for incompetent or for infant as affecting running of statute of limitations against word. 86 ALR2d 965.

*Stanley S. Schwartz, Norman D. Tucker* and *Richard D. Fox),* for plaintiff.

*Neal & Lengauer* (by *Stephen Zahs),* for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

D. F. WALSH, J. Plaintiff, Martha Paavola, guardian of the estate of Karen Rae Paavola, a mentally incompetent person, appeals entry of accelerated judgment for defendant Saint Joseph Hospital Corporation. The trial court ruled that plaintiff's suit was barred by the statute of limitations. GCR 1963, 116.1(5).

Plaintiff's daughter and ward, Karen Rae Paavola, was given medical treatment at defendant hospital in 1973. During a September 15, 1973, operation, plaintiff's daughter went into cardiac arrest, was deprived of oxygen for a matter of minutes, and apparently suffered permanent brain damage which rendered her mentally incompetent.

Plaintiff was appointed her daughter's guardian on June 19, 1979. In that capacity she filed suit against defendant hospital on February 25, 1981, alleging that her daughter's mental incompetence was caused in 1973 by defendant's negligence. Defendant filed a motion for accelerated judgment on the ground that the suit was barred by the running of the period of limitation. The trial court agreed, ruling that suit could have been brought by plaintiff only within one year of her appointment as guardian of her daughter. Because suit was brought approximately 20 months after the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appointment, accelerated judgment was entered for defendant. We reverse.

At issue is interpretation of the following statutory saving provision:

"If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have one year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run * * *." MCL 600.5851(1); MSA 27A.5851(1).[1]

The question presented is whether Karen Rae Paavola's disability was removed by the appointment of her mother as her guardian. The trial court ruled that it was and that the one-year statutory grace period began to run at the time of that appointment. We disagree.

In *Keating v Michigan Central R Co,* 94 Mich 219; 53 NW 1053 (1892), the Supreme Court held that, for purposes of the statutory saving provision, the disability of a minor is not removed until he or she attains the age of majority. The Court rejected the defendant's claim that the term "disability" means disability to bring suit and ruled that the appointment of a guardian for a minor does not start the running of the period of limitation against the minor. This ruling was reaffirmed in *Klosky v Dick,* 359 Mich 615; 103 NW2d 618 (1960). *Cf. Smith v Bordelove,* 63 Mich App 384; 234 NW2d 535 (1975), *lv den* 395 Mich 772 (1975).

---

[1] The statute further provides:

"The term insane as employed in this chapter means a condition of mental derangement such as to prevent the sufferer from comprehending rights he is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." MCL 600.5851(2); MSA 27A.5851(2). That Karen Rae Paavola is insane for purposes of this statute is not disputed.

Defendant argues that the disabilities of infancy and insanity should be treated differently for purposes of resolution of the issue presented in this case. The statute, however, makes no pertinent distinction between these two disabilities and we are not persuaded that such distinction is warranted. See *Whalen v Certain-Teed Products Corp*, 108 Ga App 686; 134 SE2d 528 (1963).

In jurisdictions where this issue has been addressed, it has generally been held that, absent contrary statutory authority, the appointment of a guardian for a mentally incompetent person does not have the effect of starting the running of a period of limitation tolled by virtue of the disability of mental incompetence. *Emerson v Southern R Co*, 404 So 2d 576 (Ala, 1981); *Zini v First National Bank in Little Rock*, 228 Ark 325; 307 SW2d 874 (1957); *Shambegian v United States*, 14 F Supp 93 (D RI, 1936); *Johnson v United States*, 87 F2d 940, 942 (CA 8, 1937) ("* * * it has been generally held under such statutes that the insane person may maintain an action by his guardian at any time during the continuance of his disability"); *Wolf v United States*, 10 F Supp 899, 900 (SD NY, 1935):

"Where there is a statute to the effect that a suit on a cause of action accruing to an infant or insane person may be brought within a specified time after removal of the disability, it is generally held that the appointment of a guardian or committee is not a removal of the disability in the sense that it starts the running of the time limitation. The saving clause is held to cover the time of continuance of infancy or insanity. *Funk v Wingert*, 134 Md 523; 107 A 345; 6 ALR 1686 [1919]; *Monroe v Simmons*, 86 Ga 344; 12 SE 643 [1890]; *Hervey v Rawson*, 164 Mass 501; 41 NE 682 [1895]; *Keating v Michigan Central R Co*, 94 Mich 219; 53 NW 1053 [1892]; *Finney v Speed*, 71 Miss 32; 14 So 465

[1893]; *Bourne v Hall,* 10 RI 139 [1872]. The view is taken that the Legislature had in mind, not merely the inability to sue, but also the difficulties of the incompetent in giving information and in testifying. *Funk v Wingert, supra."*

See Anno: *Appointment of guardian for incompetent or for infant as affecting running of statute of limitations against ward,* 86 ALR2d 965.[2]

Nothing in Michigan's statute suggests legislative intent that an insane person's exemption from the running of periods of limitation is to end upon appointment of a guardian for him or her. We adopt the view generally held in other jurisdictions and hold that the appointment of a guardian for an insane person does not constitute removal of the insane person's disability for purposes of MCL 600.5851(1). Periods of limitation, therefore, do not begin to run against insane persons upon such appointment. The filing of plaintiff's complaint on behalf of her mentally incompetent daughter was, therefore, timely.

Defendant urges that our holding effects the "impalatable result" that the guardian of a mentally incompetent person may bring suit on the ward's behalf during the entire period of mental incompetency—a period potentially many decades long. In our judgment, however, a contrary holding would constitute unjustifiable tampering with the significant public policy clearly reflected in MCL

---

[2] *Emery v Chesapeake & Ohio R Co,* 372 Mich 663; 127 NW2d 826 (1964), and *Geisland v Csutoras,* 78 Mich App 624; 261 NW2d 537 (1977), involved suits brought by guardians on behalf of mentally incompetent plaintiffs. In discussing whether the period of limitation had run against the plaintiffs, the appellate courts focused solely on the issue of the mental condition of the plaintiffs. While the issue of the effect of the appointment of guardians was not presented, it is clear that the appointments played no part in the Courts' resolution of the statute of limitations questions.

600.5851(1)—the protection and preservation of the substantive rights of mentally incompetent persons.

Reversed. Costs to plaintiff.