# Cruse, *et al. v.* Kidd, *et al.*

### Ejectment.

(Decided November 4, 1915.  70 South. 166.)

1. **Adverse Possession; Defense.**—In ejectment plaintiffs cannot recover as against defendants who had held the continuous, open, exclusive and adverse possession under claim of ownership of land for twenty-one years next before the bringing of the action, and under color of title, though not from plaintiffs.

[Cruse, et al. v. Kidd, et al.]

2. **Wills; Construction; Life Estate.**—Where the will gave testator's wife whatever real estate he might die seized and possessed of in Shelby county, and directed that the executor should convey the land in Shelby county to trustees for the use of his wife and certain children during her life, with remainder to the children, there was no devise of the land to the wife with remainder to the children.

3. **Trusts; Jurisdiction; Law Court.**—A court of law cannot deal with an unexecuted trust otherwise than to adjudge damages for certain breaches thereof.

4. **Limitation of Action; Trusts; Lapse of Time.**—As between trustees and the cestiu que trust in case of an express trust, lapsed time does not bar the trust estate.

5. **Adverse Possession; Against Trustee; Effect as to Cestui Que.**— Where the trustee and the cestui que trust are both out of possession of land for the time limit fixed by the statute, a third party or a stranger in possession acquires a good title as against both of them.

6. **Remainders; Adverse Possesion; Trustee.**—If the statute of limitation did not run against cestui que trusts having an estate in remainder, or an estate after the estate of their mother was terminated because they had no right to enter lands in the possession of a stranger when the legal title was in their trustee, they had the right at any time to require the trustee to enter, or to bring an action to recover the estate for them, and if they failed to exercise their remedy they would be barred by the statute.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Ejectment by Douglass W. Kidd and others, against Dutch Cruse and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

See, also, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226.

CECIL BROWNE, and HAYNES & WALLACE, for appellants. J. M. KIDD, and RIDDLE & ELLIS, for appellees.

MAYFIELD, J.—This is an action of ejectment brought by appellees against appellants. It is conceded that the legal title to the land involved, and the right of either party to recover or to hold the same against the other, depends upon the construction of the will of John W. Kidd, made the 8th day of November, 1859, and probated August 17, 1866.

This will has been before this court for construction once before. See report of the case of *Kidd v. Borum,* 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226. In this case, as in that of *Kidd v. Borum,* a trust deed was introduced in evidence, not as one passing the title, but as an aid in the proper construction

of the will, both instruments being executed on the same day, and each referring to the other. The instruments will be found in the report of the former case (181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226). The former case, however, was one in equity, and between parties all of whom claimed title through persons who took under the will. In the opinion in that case it was said, among other things: "The will was not drawn by a skillful hand, and, standing alone, its provisions are to some extent contradictory and of doubtful import in respect to the estate conferred upon the widow. But, when considered in connection with the deed, it makes, in our judgment, the widow and her children at the time of testator's death tenants in common of an estate for her life (*Chadler v. Jost*, 81 Ala. 411, 2 South. 82), with the remainder in fee of the whole estate to all her children. These purposes and dispositions the testator intended and attempted to accomplish through the intervention of trustees. There was never any conveyance of the land in question to trustees; but whether the trust which the testator intended to create was a dry trust, or was of such character as to require activity and discretion of the trustees, equity will consider and treat the beneficial interest as having acquired the intended status in the first case because the trustees would have been useless incumbrances of the plan, in the second, because no trust can be permitted to fail for lack of a trustee."

It is thus seen that the rights of the parties in that case were determined upon equitable grounds, as between parties to the will or those who either claimed under the will or claimed through others claiming through the same instrument.

Adverse possession was held not to be availing in that case for that the title of the claimant was based upon a deed from one of the life tenants, and that no such notice of the adverse holding was brought home to the cotenants, as to defeat their title as to the remainder. It was as to this said: "These facts show a possession by complainant and Flippin hostile in its inception and exclusive during its continuance, such as would set the statute of limitations to running as against strangers and would ripen into title after ten years. Customary acts of ownership are sufficient to impute notice to all not claiming in privity with the possessor. But the rule is that the possession of a tenant in common, without more, does not operate as a disseisin of coten-

ants, for in contemplation of law he holds for them.—*Fielder v. Childs*, 73 Ala. 567. To operate as a disseisin in such case there must be a repudiation of the rights of cotenants and a claim of exclusive ownership brought home to their knowledge; that is, there must be positive information of the facts, however informally communicated or acquired."—*Kidd v. Borum*, 181 Ala. 144, 61 South. 105, Ann. Cas. 1915C, 1226.

It was decided in that case, however, that as to the estate for the life of the widow, the adverse possession had ripened into title; but that as to the remainder it had not, because not adverse to that title, as the deed to which the possession must be referred was from the widow, who had only a life estate. To this end, it was there said: "The estate in remainder must be disposed of on still different principles. As to that, the defendants have never at any time been in a position to ask for any judgment or decree presently operative upon the possession of the property or the enjoyment of its usufruct. In such case laches cannot be predicated on the ground of mere delay because there can be no delay where there is no right to move. In such case the remainderman cannot be barred pending the life estate by the statute of limitations, nor is there field for the operation of the doctrine of prescription. See the cases cited in *Jackson v. Elliott*, 100 Ala. 669 [13 South. 690] and our recent case of *Winters v. Powell*, 180 Ala. 425, 61 South. 96."—*Kidd v. Borum*, 181 Ala. 1662, 61 South. 166, Ann. Cas. 1915C( 1226.

Without either affirming or denying the correctness of the application to the facts in that case, of the proposition of law above quoted, which proposition is stated in the cases cited, to the effect, that the possession of life tenants and those holding under them is not adverse to the remainderman, we observe that we have now quite a different case. This is an action at law, and not in equity. We are now concerned with the legal title only; nor do we have to deal with the possession of one tenant in common, as against the others. The adverse possession here, which is claimed to have ripened into title against the plaintiffs, who claim to have taken remainders under the will, is not that of a tenant in common with them, nor of the life tenant.

(1) In this case it is agreed as follows: "The plaintiffs' evidence shows that the power granted by testator in the will to convey to the named trustees by the named executors was never

executed. Here it was agreed by the plaintiffs and the defendants that the defendants and those under whom they claim and hold. had had continuous, open, notorious, exclusive, adverse possession (pedis possessionem) of the lands sued for, for 21 years next before the bringing of this suit, and that such possession was under claim of ownership, and under color of title, but not under color of title or conveyance, from the plaintiffs."

This clearly distinguishes this case from that of *Kidd v. Borum, supra*. Under these facts we think it clear that these plaintiffs could not recover; because if the legal title ever vested in them it was not by virtue of the will but by descent; and if by descent, it was unquestionably divested by the adverse possession for 21 years, admitted in the agreed statement of facts. If it be held that the will passed the legal title to the executors, it is admitted or shown that it never passed out of them by a conveyance to the trustees as the will directed, and if it remained in them it was likewise divested by adverse possession; and if in them now, these plaintiffs could not recover. The plaintiffs therefore utterly failed to show that the legal title ever passed to them by virtue of the will; and if it passed by descent, it was defeated, and passed out, by adverse possession long before this action was brought. Not only the statute of limitations, but the rule of prescription, had forever barred any relief against these defendants.

(2) It is perfectly clear that there is no separate and distinct gift or devise of the lands in question to the wife for life, and remainder to the children. There are in the will words which, standing alone and unmodified by other clauses of the will, would amount to a devise of the life estate to the wife for life. These words are, "I hereby give and bequeath unto my said beloved wife whatever real estate I may die seised and possessed of in Shelby county;" but, as was decided before, these words are both preceded and followed by words in the will, and by words in the deed of trust, which preclude the idea that the will vested any legal title in the wife or in the children to these lands. The language which precludes the idea is immediately following that quoted above. The land here involved is a part of the residue in Shelby county, and the language is that wherein the testator directs that his executors convey it to his trustees for the use of the wife and children named, during the life of wife, and after her death, to the children forever.

[Cruse, et al. v. Kidd, et al.]

It is clear that the will itself does not pass the legal title as above indicated, nor create the trust; but it either passes the title to the executors, and on them enjoins the duty and confers the power to convey it by trust deed to the trustees, in the manner indicated and exactly as he, the testaor, had conveyed by a trust deed other property to the same trustees, for the same uses and benefits, and for the same persons; or, it fails to pass the title, and only enjoins the duty and confers the power on the executors to convey to the trustees, thus creating the trust in favor of the plaintiffs.

It is unnecessary, hewever, to now decide whether the legal title to the lands in question passed by the will to the executors, or whether it passed to the heirs of the testator by descent, subject to be defeated or cut off by the exercise of the powers conferred and the duties enjoined by the will, for the reason that these plaintiffs cannot recover in ejectment in either case.

(3) It is likewise unnecessary for us to now decide the nature or character of the trust attempted to be created by the will for the reason that the bill of exceptions informs us that the trust was never created—that is, that the executors never conveyed; and a court of law cannot deal with an unexecuted trust, otherwise than to adjudge damages for certain breaches thereof. It is therefore made to appear by this record that if the legal title to the land, either as to the life estate or as to the remainder, was ever vested in these plaintiffs, it was by descent, and not by devise, and, if by devise, that it was only since lost by adverse possession.

(4, 5) Moreover, if the trust was created by the will—that is, if the legal title was by it invested in the executors, or even in the trustees for the use and benefit of the children, the plaintiffs could not recover in this case, because the trustees would then certainly be barred by adverse possession for 21 years, and they being the beneficiaries would likewise be barred.

As between the trustee and the cestui que trust, in case of an express trust, lapse of time does not bar the trust estate; but the rule is different as to third parties or strangers to the trust. Where the trustee and the cestui que trust are both out of possession for the time limit fixed by the statute, the party in possession acquires a good title against both.—1 Am. & Eng. Ency. Law (2d Ed.) p. 814; 1 Cyc. p. 1068. As between a trust estate

and a stranger the statute of limitations runs as in other cases, and if the trustee is barred the cestui que trust is also barred.— 19 Am. & Eng. Ency. Law (2d Ed.) p. 186.

In this case the statute has certainly run against the trustees, and as it was shown or agreed that the legal title never passed out of the trustee (if it ever passed into them), then it must follow that these plaintiffs, who are cestui que trustent, cannot recover in this action of ejectment.

(6) If the statute did not run against the plaintiffs, for that they had no right to enter because the legal title was in the trustees who held it to preserve and enforce the trust created by the will, then they did have the right at any time to require the trustees to make an entry or bring an action for the recovery of the estate for them, the beneficiaries of the remainder, or the estate after the estate of the mother was terminated, or while it was in existence. The remedy of the cestui que trust, in such case, is against the trustee, and, failing to exercise it he is barred by the statute.—1 Cyc. p. 1069; *Hall v. Waterman*, 220 Ill. 569, 77 N. E. 142, 4 L. R. A. (N. S.) 776.

If this were a contest in a court of equity, and between parties to the trust or those who claimed under and by virtue of such trust, as was the case in *Kidd v. Borum*, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226, then the result might be different, but this is a contest in a court of law, in which we must look to the legal, and not to the equitable title, and the contest is between the beneficiaries of the trust and strangers; and we have no doubt that the plaintiffs in this case showed no right to recover, and that the trial court should have directed a verdict for the defendants.

It is therefore unnecessary to discuss, much less to decide, the intricate and vexed questions of merger of the estate for life of the wife in that of the remainder, and the character and nature of the trust, whether active or naked, as to which questions there is so much dry learning in the books and so much arguments in the briefs in this case. No matter what we should decide as to these questions, the plaintiffs show no right to recover in this action against these defendants. The only theory upon which they could recover, in this action of ejectment against strangers to the will, would be that the legal title to the estate for the life of the wife was in another, and not in them, and

[Roden, et al. v. Capehart.]

that the defendants acquired it by adverse possession, but did not the legal title to the remainder, which was in plaintiffs, and that, on account of the legal title during the life of the wife being outstanding in others, they could enter, or bring an action to recover the land, and during the 21 years it was held by the defendants, and for that reason the possession of the defendants was not adverse to the estate in remainder. But we have shown that the record does not bear out this theory, for several reasons stated herein, now unnecessary to restate.

In no event, and under no possible theory, did these plaintiffs have any greater right to recover from these defendants after the death of the testator's wife, than they had during the 21 years of adverse possession admitted, except as to the one-fifth interest of the wife during her life. If they can now sue and recover, they could and should have done so, 20 years ago, except as to the one-fifth interest of the wife, during her life. The only interest they could have recovered before the death of the wife of the testator, which they could recover thereafter, was the interest of the wife; and it is conceded and decided that this was only an undivided one-fifth interest during the life of the wife, and it is shown that that interest was terminated by the death of the wife when the action was brought.

It therefore follows that the trial court erred in directing a verdict for the plaintiffs, and that the court, at the request of the defendants, should have given the affirmative charge in their favor.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.