(99 South. 75)

HOOD v. JOHNSTON. (8 Div. 621.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. **Evidence ☞471(27)—One may testify to his possession of land as a fact open to observation.**

In an action of ejectment, testimony by one, conveying to plaintiff's ancestor, that at the time of the deed he was in possession of the land conveyed, is competent; possession being a fact open to observation.

2. **Ejectment ☞91—Evidence held admissible on question of possession of plaintiff's predecessor in title.**

Evidence of payment of taxes by plaintiff's predecessor in title, though in itself insufficient to establish possession by the payor, is admissible as tending, in connection with evidence of actual possession, to show the extent thereof.

3. **Ejectment ☞16—As between parties, neither of whom connects himself with government, title deemed in possessor; "actual possession."**

As between parties to a statutory action of ejectment, neither of whom connects himself with the government, title to land is considered as vesting in the first possessor and to proceed from him, though such a possession must be actual; that is, a subjugation to the will and dominion of claimant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Possession.]

4. **Ejectment ☞90(2)—Evidence of possession by plaintiff's predecessor held to render deed by latter admissible.**

In an action of ejectment, evidence of possession by one conveying to plaintiff's ancestor at the time of the deed *held* sufficient to render the deed admissible.

5. **Limitation of actions ☞70(2)—Cotenant may not recover whole estate where recovery of cotenant barred by limitation.**

An heir to land, who has less than three years previously attained his majority, suing to recover his interest therein against a defendant who with those under whom he claimed has held adverse possession for more than 10 years, cannot recover more than his individual interest, notwithstanding the rule that one cotenant in common may recover the whole estate for the benefit of all; such rule being applicable only where all cotenants are entitled to recover.

6. **Limitation of actions ☞70(2)—Limitation on rule of right of cotenant to recover whole estate stated.**

The rule, that a tenant in common as against a mere disseizer or stranger to title may recover the whole estate for the benefit of all, contemplates that all cotenants are entitled to recover and is inapplicable where the rights of some are barred by limitations.

7. **Limitation of actions ☞70(2)—Tenancy in common ☞1—Disability of one tenant will not avail cotenants to prevent limitations running.**

Tenants in common hold by separate and distinct titles but by unity of possession, so that the disability of one will prevent the operation of the statute of limitations as to him, but not as to those not under any disability.

8. **Ejectment ☞115—Plaintiff cotenant claiming whole estate may recover undivided interest.**

A plaintiff cotenant claiming the whole estate may recover an undivided interest.

9. **Limitation of actions ☞72(1)—Suit by infant upon obtaining majority not precluded by acts of guardian.**

Under Code 1907, § 4846, an infant upon becoming of age is entitled to sue in ejectment to recover an interest in land, regardless of the acts of his guardian during adverse possession of another.

Appeal from County Court, Morgan County; W. T. Lowe, Judge.

Action of ejectment by James E. Johnston against Conrad Hood. From a judgment for plaintiff, defendant appeals. Corrected and affirmed.

Sample & Kilpatrick, of Hartsells, for appellant.

In order for plaintiff to rest his title on the deed from Self, the possession of the laatter must be such as would amount to prima facie evidence of title. Jackson Lbr. Co. v. McCreary, 137 Ala. 278, 34 South. 850; Dodge v. Irvington Land Co., 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; Reddick v. Long, 124 Ala. 261, 27 South. 402; Hines v. Chancey, 47 Ala. 637; 9 R. C. L. 915. The court erred in declining to charge the jury that plaintiff could recover only a fifth interest in the land. 38 Cyc. 123; 7 R. C. L. 906; King v. Hyatt, 51 Kan. 507, 32 Pac. 1105, 37 Am. St. Rep. 307; Louisville, N. O. & T. R. Co. v. Jackson, 132 Ark. 1, 187 S. W. 450, Ann. Cas. 1918A, 604; Moppin v. Norton, 40 Okl. 284, 137 Pac. 1182, Ann. Cas. 1915D, 1042. Plaintiff having a guardian, adverse possession was effective against him.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lee v. Wood, 85 Ala. 169, 4 South. 693; 98 Kan. 663, 159 Pac. 405; 195 Mo. App. 171, 190 S. W. 77.

S. A. Lynne, of Decatur, for appellee.

The possession of Self was sufficient. Blair v. Blair, 199 Ala. 480, 74 South. 947. There was no error in the refusal to charge that plaintiff could recover only a fifth interest. Winsett v. Winsett, 203 Ala. 374, 83 South. 117; Gourdine v. Theus, 1 Brev. (S. C.) 326; Harris v. Brady, 87 Ark. 428, 112 S. W. 974; Collier v. Davis, 4 Ky. Law Rep. 981; Wilkins v. Philips, 3 Ohio, 49, 17 Am. Dec. 579; Root v. McFerrin, 37 Miss. 17, 75 Am. Dec. 61; Anding v. Davis, 38 Miss. 574, 77 Am. Dec. 665; Hooper v. Bankhead, 171 Ala. 631, 54 South. 549; Dorlan v. Westervitch, 140 Ala. 294, 37 South. 382, 103 Am. St. Rep. 35; 7 R. C. L. 906.

SAYRE, J. [1-4] Statutory action of ejectment by appellee against appellant. Plaintiff claimed, as one of five heirs, by inheritance from John F. Johnston, and put in evidence a deed, dated March 2, 1898, from J. T. Self to plaintiff's ancestor. Plaintiff made no effort to trace his title back to the government. Objection was taken against the deed on the ground that the evidence failed to show that Self was in possession at the time of his deed. Self testified broadly that he was in possession, and this evidence was competent, since possession is a fact open to observation. Abbett v. Page, 92 Ala. 571, 9 South. 332; Stephens .v. Bowen, 209 Ala. 417, 96 South. 331; McCraw v. Lindsey, 209 Ala. 214, 95 South. 898. But when on cross-examination the grounds upon which the witness based his statement of knowledge were ascertained, it developed that the witness' possession consisted as follows: The land at the time in question was wild and unfenced; but Self rode over it several times a year to see that no depredations were committed and at one time warned off a trespasser who had cut timber thereon. Annually he assessed the land and paid taxes. Evidence of the payment of taxes, while not of itself sufficient to establish possession, tends, in connection with evidence of actual possession, to show the extent of such possession. Jay v. Stein, 49 Ala. 522; Chastang v. Chastang, 141 Ala. 461, 37 South. 799, 109 Am. St. Rep. 45; Bellenger v. Whitt, 208 Ala. 655, 95 South. 10. As between the parties, where neither connects himself with the government, title is considered as vested in the first possessor, and to proceed from him. Dodge v. Irvington Land Co., 158 Ala. 95, 48 South. 383, 22 L. R. A. (N. S.) 1100. Such possession must be actual, by which is meant a "subjection to the will and dominion of the claimant, and is usually evidenced by occupation—by a substantial inclosure—by cultivation, or by appropriate use, ac-

cording to the particular locality and quality of the property." Coryell v. Cain, 16 Cal. 574. Our judgment is that the evidence stated above—and there was no contradiction of it—sufficed, if credited by the jury, to show, at least tended to show, a use of the land appropriate to its then condition, and hence that the deed from Self to plaintiff's ancestor was properly admitted in evidence. Reddick v. Long, 124 Ala. 260, 27 South. 402, is cited by appellant. From the opinion in that case it does not appear what the "quality" of the land was at the time of the deed of which the court was speaking in the paragraph at the head of page 267 of 124 Ala., 27 South. 402. But, assuming that it was wild land, the facts shown by this record, the facts already stated, make a stronger case for an inference of possession, and this, along with testimony to the effect that Self acquired his title from one Garner "who owned the land"—to which form of evidence there was no objection—suffices to justify the admission of the deed in evidence and the action of the court on the several charges requested on this subject.

[5] Plaintiff was one of five heirs, as we have stated. The evidence showed that defendant and those under whom he claimed had been in the adverse possession of the land for more than ten years before the commencement of this action, and plaintiff's coheirs were barred, if the statute ran against them. But plaintiff reached his majority within less than three years before suit commenced. On these facts defendant requested the court to instruct the jury that, at most, plaintiff could not recover more than a one-fifth interest in the land. This charge should have been given. We are led to believe that the trial court was influenced to refuse this charge by the following language of this court in Winsett v. Winsett, 203 Ala. 373, 83 South. 117:

"Being a minor recently attaining majority, if he [the complainant] may recover his moiety of said real property, the rights of the other joint tenants are saved from the operation of the statute of limitations or of the rule of repose by the infancy of this minor complainant."

That was an action for the partition, or sale for partition, of realty, in which one of the respondents claimed to have acquired an exclusive title by adverse possession, and the question there was between cotenants. This language of the court, as appears from the context, meant hardly more than that a cotenant cannot recognize the interest of one cotenant and at the same time claim to have ousted others. The court did not intend to deny that the statute of limitation may run against one cotenant and not against another who is within a saving clause of the statute. Gourdine v. Theus, 1 Brev. (S. C.) 326, was an action to try title by joint tenants, and there the court held that—

"If one of several joint owners of an estate in land be a minor, and the rest are majors, the right of all shall be saved from the operation of the limitation act, by the infancy of the minor."

There are other authorities to the same effect. Thomson v. Gaillard, 3 Rich. 418, 45 Am. Dec. 778; Anding v. Davis, 38 Miss. 574, 77 Am. Dec. 668. The question here is whether the court will adopt that rule; but that was not the question at issue in Winsett v. Winsett, supra.

[6-8] It is the settled law of this state that, as against a mere disseizer or a stranger to the title, one tenant in common may recover the whole estate, and that the recovery in such case inures to the benefit of all. Hooper v. Bankhead, 171 Ala. 631, 54 South. 549. But that statement of the rule contemplates that all the cotenants are entitled to recover. That is not the case here, as we have shown above. Tenants in common hold by several and distinct titles, but by unity of possession. Thompson v. Mawhinney, 17 Ala. 368, 52 Am. Dec. 176; Shepard v. Mount Vernon Lumber Co., 192 Ala. 326, 68 South. 880, 15 A. L. R. 23. In such case it is generally held by the courts that the disability of one will prevent the operation of the statute of limitation as to him, but that those not under disability will be barred; each shall recover or be barred as to his aliquot interest in the land, as he may be within or without the saving of the statute. Moore v. Armstrong, 10 Ohio, 11, 36 Am. Dec. 63, note on page 78; McFarland v. Stone, 17 Vt. 165, 44 Am. Dec. 325, note on page 328. Such is the rule in England. Barrow v. Noree, 2 Yerg. (Tenn.) 229. This, we think, is in accord with justice and the remedial provisions of the statute of limitation. It is also the rule in this jurisdiction that plaintiff cotenant, claiming the whole estate, may recover an undivided interest. Baker v. Chastang, 18 Ala. 417; Jones v. Walker, 47 Ala. 175.

[9] The only other assignment of error needing notice is that the court erred in overruling defendant's contention that the statute of limitation of ten years began to run in 1906, when, plaintiff's mother having been previously appointed guardian of his person and estate, one Williams, under and through whom defendant claimed title, went into possession of the property. But the authorities hold that, whatever may or may not have been done by his guardian, the plaintiff, upon coming of age, was entitled, under the statute (Code, § 4846), to sue in his own name. 25 Cyc. 1264, note 35.

Under the evidence plaintiff was entitled to recover only the interest he showed in the land, viz., one-fifth. The judgment should be corrected so as to award to plaintiff a one-fifth interest. Appellee must pay the costs of this appeal.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.