This is an appeal from a summary judgment in favor of defendants. The trial court held that plaintiffs' claims seeking recovery for personal injuries and for loss of consortium were barred by the statute of limitations. We affirm in part, reverse in part, and remand
The injuries from which this controversy arose occurred on September 9, 1977. On that day, Kenneth Maynard Emerson was injured while engaged in the "rebuilding" of a railroad trestle in Dallas County, Alabama. All parties to the case have stipulated that as a result of the injuries, made the basis of this suit, Kenneth Emerson was rendered and has remained non compos mentis, within the meaning of Code 1975, § 6-2-8
On July 14, 1978, Mary Ann Emerson, the wife of Kenneth Emerson, was appointed his legal guardian. The present action was instituted on March 21, 1980, against Southern Railway Company, the owners of the trestle; Ronald Wilkenson and William Bibb Goodwyn, supervisory co-employees of Kenneth Emerson; and American Mutual *Page 578 
Liability Insurance Company, the workmen's compensation carrier for W.B. Goodwyn, Inc., Mr. Emerson's employer. In Count A of the complaint Mrs. Emerson, as guardian, sought recovery for her husband's personal injuries, alleging common law negligence or wantonness as to all defendants. Additionally, recovery was sought pursuant to the Federal Employers Liability Act; however, this claim, having a three-year statute of limitations, is not involved on appeal. In Count B Mrs Emerson, individually, claimed damages for loss of consortium
Defendants filed motions for summary judgment, contending plaintiffs' claims were barred by the statute of limitations since more than one year had elapsed between Mrs. Emerson's appointment as guardian and the filing of this suit. These motions were supported by Code 1975, § 6-2-39 (a)(5), the "catch all" provision governing personal injury cases Plaintiffs opposed the motions, citing Code 1975, § 6-2-8. The trial court granted summary judgment to all defendants on plaintiffs' negligence or wantonness claims and on the claim for loss of consortium. Plaintiffs appeal
The first issue before this Court is whether the appointment of a guardian for a non compos mentis begins the running of the statute of limitations in a personal injury action. The general rule, accepted by the majority of jurisdictions, is that the appointment of a guardian or committee for a mentally incompetent or non-age person does not have the effect of commencing the running of the period of limitations tolled by virtue of the disability. See, e.g., Wolf v. United States,10 F. Supp. 899 (S.D.N.Y. 1935); Zini v. First National Bank,228 Ark. 325, 307 S.W.2d 874 (1957). Funk v. Wingert, 134 Md. 523,107 A. 345 (1919); Finney v. Speed, 71 Miss. 32, 14 So. 465
(1893)
In Wolf v. United States, 10 F. Supp. 899 (S.D.N.Y. 1935), recovery was sought on a war risk policy. A committee had been appointed for the plaintiff, an incompetent, in 1922; and suit for recovery was filed in March 1933. The World War Veterans' Act of 1924, § 19, as amended, 38 U.S.C. § 445, contained a proviso, analogous to our tolling statute, which suspended the running of the statute of limitations in favor of incompetents The court held that the appointment of a committee was not a removal of the plaintiff's disability; therefore, the limitation period had not run as to his claim. Further, the court, citing Monroe v. Simmons, 86 Ga. 344, 12 S.E. 643
(1890); Funk v. Wingert, 134 Md. 523, 107 A. 345 (1919); andFinney v. Speed, 71 Miss. 32, 14 So. 465 (1893), stated that a statute which allows the institution of an action within a specific time after the removal of a disability, amounts to a saving clause that covers the time of continuance of infancy or insanity
Code 1975, § 6-2-8 (a), provides such a savings clause:
 (a) If anyone entitled to commence any of the actions enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time such right accrues, below the age of 19 years, insane or imprisoned on a criminal charge for any term less than for life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action, make entry, or defend; provided, however, that no disability shall extend the period of limitations so as to allow such action to be commenced, entry made or defense made after the lapse of 20 years from the time the claim or right accrued. [Emphasis added.]
Section 6-2-8 demonstrates legislative response to the need to protect individuals suffering under certain disabilities. This Court in past decisions has recognized the importance of §6-2-8, and has clearly adhered to the general rule espoused inWolf in tolling the statute of limitations in favor of infants and incompetents. Hood v. Johnston, 210 Ala. 617, 99 So. 75
(1924); Burford v. Steele, 80 Ala. 147 (1885); Moore v. Wallis,18 Ala. 458 (1850)
In Hood v. Johnston, 210 Ala. 617, 99 So. 75 (1924), plaintiff, upon reaching majority, *Page 579 
filed an action in ejectment for recovery of an interest in land. The defendants in Hood, as in the present case, claimed that the appointment of a guardian began the running of the limitation period and that plaintiff's claim was barred. This Court, under § 4846 of the 1907 Code (presently § 6-2-8), held that an infant upon becoming of age is entitled to sue in ejectment to recover an interest in land, regardless of the acts of his guardian during adverse possession of another Specifically stated, "the authorities hold that, whatever may or may not have been done by his guardian, the plaintiff, upon coming of age, was entitled, under the statute (Code, § 4846), to sue in his own name." Hood at 619, 99 So. 75
Alabama case law also recognizes an exception to the general rule in situations where the legal title or right of action is in the guardian/trustee and not in the infant or incompetentSee, e.g., Spann v. First National Bank, 240 Ala. 539,200 So. 554 (1941); Cruse v. Kidd, 195 Ala. 22, 70 So. 166
(1915); Molton v. Henderson, 62 Ala. 426 (1878). In these cases, the statute of limitations does begin to run
Appellees contend that Spann v. First National Bank, 240 Ala. 539,200 So. 554 (1941), stands for the proposition that the appointment of a guardian, in any situation, begins the running of the limitation period. They further contend that the guardian's capacity to sue is all that is required, and that legal title or the right of action resting in the trustee is not determinative. However, the correct reading of Spann
reflects our recognition and adherence to the general rule in tolling the limitation period for individuals who are incapacitated, and our recognition of the exception to the general rule
In Span a comparison was made of the facts to a like situation in Scott on Trusts, stating that there were cases in which the beneficiaries of a trust, although under an incapacity, would be precluded from bringing suit if the trustee was barred by the statute of limitations. Further, the court, citing Cruse v. Kidd, 195 Ala. 22, 70 So. 166 (1915), stated, "[T]he principle is established in this jurisdiction that as between the trustee and a stranger the statute of limitations runs as in other cases, and if the trustee is barred the cestui que trust is also barred." Spann,240 Ala. at 544, 200 So. 554. The reliance of the court on trust law and past Alabama cases clearly brought the holding of Spann within the exception to the general rule
The appellees emphasized the duties and powers of guardians imposed by statute in Alabama. Section 26-4-3, et seq., were cited to support the contentions that Mrs. Emerson had the power and the duty to commence the personal injury action on behalf of her husband within the one-year limitation period These statutes, however, define the obligation of the guardian in terms of support and maintenance, managing property owned by the ward, and collecting assets and the debts owed to the ward They do not specifically provide a duty, as in the present action, for the filing of a personal injury claim. It is recognized by this Court that the guardian may present a claim for personal injury, on behalf of the ward, and a probate court could authorize a settlement thereof by compromise. Bishop vBig Sandy Lumber Co., 199 Ala. 463, 74 So. 931 (1917)
A guardian's ability to commence and settle personal injury actions has been addressed. See, e.g., Abernathy v. ColbertCounty Hospital Board, 388 So.2d 1207 (Ala. 1980); Henderson vIllinois Central Gulf Railroad Co., 361 So.2d 1011 (Ala. 1978);Tennessee, Coal, Iron Railway Co. v. Hayes, 97 Ala. 201,12 So. 98 (1892); Spurling v. Fillingim, 244 Ala. 172,12 So.2d 740 (1943). These cases demonstrate the fact that the right of action resides in the injured party and not in the guardian or representative. This is not to say that a guardian, next friend, or guardian ad litem cannot file a claim on behalf of the ward. It is clear to us, however, that failure on the part of the representative to file or pursue this claim within the limitation period does not bar recovery where § 6-2-8 is applicable *Page 580 
In the present case the right to pursue recovery for personal injuries rests with Kenneth Emerson. He is within the class of individuals protected under the tolling provision of § 6-2-8; therefore, summary judgment as to his claim was in error
The second issue to be addressed is whether the statute of limitations on Mrs. Emerson's loss of consortium claim is tolled by virtue of the fact that the limitation period is tolled as to her husband's personal injury claim. Several courts have specifically addressed this issue. They have found, and we agree, that the derivative claim for loss of consortium of a spouse or parent is not subject to the tolling statute of the infant or incompetent. See, e.g., Jaime v. NeurologicalHospital Ass'n of Kansas City, 488 S.W.2d 641 (Mo. 1973); Shackv. Holland, 89 Misc.2d 78, 389 N.Y.S.2d 988 (1976); Simpson vCity of Abilene, 388 S.W.2d 760 (Tex.Civ.App. 1965)
A wife's right to recovery for loss of consortium was recognized by this Court in Swartz v. United States SteelCorp., 293 Ala. 439, 304 So.2d 881 (1974), and was considered to be a separate property right. Because she has this separate property right, a wife is allowed to pursue an independent cause of action on her own behalf. The privileges afforded the class of individuals in § 6-2-8, however, are personal to those who suffer the disabilities provided for by the statute. Mrs Emerson was suffering under no disability at the time her husband was injured; therefore, the tolling of the statute of limitations does not extend to her claim. Mrs. Emerson is barred recovery, and the trial court was correct in granting summary judgment as to her claim
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
MADDOX, JONES, SHORES and BEATTY, JJ., concur