STUART, Justice.
 

 Lakyra Elliott, Nequaisha Bland, Seville Briggs, Ishakey Bennett, Freddie Washington, Phillip Hinton, Yolanda Moore, Kyle Rose, Anthoni T. Moore, Lawanda Jefferson, Tassarian Fletcher, Charles Ford, James 0. Garth, Dawon Massey, and Shirley Ann Davidson, as mother and next friend of Joe Davidson, a minor (“the plaintiffs”), asserted products-liability, breach-of-warranty, and negligence and/or wantonness claims against Navistar, Inc., formerly known as International Truck & Engine Corporation, Inc., and its wholly owned subsidiary IC Bus, LLC, formerly known as IC Corporation (collectively referred to as “the bus companies”), in the Madison Circuit Court, seeking damages for injuries sustained in an accident involving a school bus designed, manufactured, and sold by the bus companies. The trial court entered a summary judgment in favor of the bus companies, and the plaintiffs appeal. We reverse and remand.
 

 I.
 

 On November 20, 2006, a school bus transporting approximately 40 students from Lee High School in Huntsville to the Huntsville Center for Technology was struck by another vehicle while traveling on an elevated portion of U.S. Interstate 565 in Huntsville. As a result of the collision, the bus ran over a 32-inch high concrete barrier on the left side of the roadway and fell approximately 30 feet to the ground below, killing four students and injuring the other students to varying degrees.
 

 On February 9, 2007, 14 of the plaintiffs filed separate complaints in the Madison Circuit Court asserting claims against Laidlaw Transit, Inc., which owned and operated the bus involved in the accident; Anthony Scott, an employee of Laidlaw Transit who was driving the bus at the time of the accident; and Tony Williams, the driver of the other car involved in the accident. Those plaintiffs also identified as fictitiously named defendants “those persons, corporations, associations, firms, or other entities, who or which designed, manufactured, marketed, advertised, sold, or otherwise placed into the stream of commerce, the school bus, or any component thereof’; however, they did not assert any claims against those fictitiously named defendants at that time.
 
 [1]
 

 
 *382
 
 Multiple other complaints were filed around this same time by other students who were injured in the bus accident, and, on October 29, 2007, the 26 cases stemming from the bus accident that were then pending in the Madison Circuit Court were assigned to the same judge. Some of those eases named the bus companies as defendants and included claims asserted against them; however, at that time the plaintiffs’ cases did not.
 

 The trial court thereafter officially consolidated the cases for pretrial purposes, and the parties engaged in discovery. Eventually, the plaintiffs entered into settlement agreements with Laidlaw Transit, Scott, and Williams. However, after settling their claims against those defendants, the plaintiffs retained a new attorney, and, in April, May, and June 2009, they filed amended complaints asserting products-liability, breach-of-warranty, and negligence and/or wantonness claims against the bus companies.
 
 [2]
 
 On approximately June 29, 2009, the bus companies moved for a summary judgment on all the claims asserted against them, arguing that the claims were barred by the applicable statute of limitations because they were not asserted until, at the earliest, April 2009 — more than two years after the November 20, 2006, bus accident. The bus companies also argued that the claims were barred by the doctrine of waiver and the doctrine of laches.
 

 The plaintiffs opposed the bus companies’ summary-judgment motion, arguing that the injured parties were all minors at the time of the accident and that, under Alabama law, the statute of limitations for their claims was therefore tolled until their 19th birthdays and that the doctrines of waiver and laches did not apply. On September 16, 2009, the trial court granted the bus companies’ motion for a summary judgment, noting that “[t]he Plaintiffs’ claims against [the bus companies] are barred by the doctrine of laches, the doctrine of waiver and ... the applicable statute of limitations.” On October 26, 2009, the plaintiffs filed timely notices of appeal to this Court. On August 4, 2010, the clerk of this Court entered an identical order in each of these 15 appeals remanding this case to the trial court. That order stated:
 

 “It appearing to the Court that claims stated against Tony Lamar Williams, Anthony Tyrone Scott, and Laidlaw Transit, Inc., have not been adjudicated,[
 
 3
 
 ] these causes are remanded to you for a determination as to whether to (1) make the interlocutory order of September 16, 2009, in favor of [the bus companies] and against the plaintiffs, a final judgment, pursuant to the provisions of Rule 54(b), Alabama Rules of Civil Procedure; or (2) adjudicate the remaining claims, thus making the interlocutory orders of September 16, 2009, final and appealable; or (3) do nothing, in which event the appeals will be dismissed as from a non-final order.”
 

 Following an extension of time for responding to the remand order, the trial court filed a supplemental record on appeal on September 24, 2010, certifying the interlocutory order of September 16, 2009, in favor of the bus companies as final pursuant to Rule 54(b), Ala. R. Civ. P.
 
 [4]
 

 
 *383
 
 II.
 

 The plaintiffs argue that the trial court erred by entering a summary judgment in favor of the bus companies because none of the grounds cited by the trial court — statute of limitations, waiver, and/or laches— apply to the claims they have asserted against the bus companies. We consider each of those grounds in turn.
 

 The plaintiffs first argue that the trial court erred in holding that their claims against the bus companies were barred by the statute of limitations because, they argue, the trial court failed to give effect to § 6-2-8(a), Ala.Code 1975. The bus companies, however, argue that the summary judgment was correctly entered because, they argue, § 6-2-8(a) does not apply. “Because the resolution of this issue is a matter of mere statutory construction, the standard of review is
 
 de novo.” Arthur v. Bolen,
 
 41 So.3d 745, 748 (Ala.2010) (citing
 
 Ex parte Birmingham Bd. of Educ.,
 
 45 So.3d 764, 767 (Ala.2009)). Our inquiry is governed by the following well settled principles of statutory construction:
 

 “ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute.
 
 League of Women Voters v. Renfro,
 
 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment,
 
 we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices,
 
 264 Ala. 176, 85 So.2d 391 (1956).’
 

 “Darks Dairy, Inc. v. Alabama Dairy Comm’n,
 
 367 So.2d 1378, 1380 (Ala.1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction.
 
 Ex parte Waddail,
 
 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided.
 
 Ex parte Meeks,
 
 682 So.2d 423 (Ala.1996).”
 

 City of Bessemer v. McClain,
 
 957 So.2d 1061, 1074-75 (Ala.2006).
 

 Section 6-2-8(a) provides:
 

 “If anyone entitled to commence any of the actions enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action, make entry, or defend. No disability shall extend the period of limitations so as to allow an action to be commenced, entry made, or defense made after the lapse of 20 years from the time the claim or right accrued. Nothing in this section shall be interpreted as denying any imprisoned person the right to commence an action enumerated in this chapter and to make any proper appearances on his or her behalf in such actions.”
 

 The plaintiffs have submitted evidence establishing that the injured students were all under the age of 19 at the time of the bus accident and that the plaintiffs amended their individual complaints to assert claims against the bus companies within the two-year period after the injured students turned 19; accordingly, they argue, their claims are timely because the plain language of § 6-2-8 indicates that the two-year statute of limitations applicable to
 
 *384
 
 their claims was tolled during the pen-dency of their minority.
 
 [5]
 

 The bus companies, however, argue that § 6-2-8 does not apply in cases, such as these, where injured minors are represented by guardians or next friends who, in fact, initiated actions on their behalf while the injured parties were still minors.
 
 [6]
 
 In support of that argument, the bus companies cite
 
 Lee v. Wood,
 
 85 Ala. 169, 170, 4 So. 698, 693 (1888), in which this Court held that the general rule that “statutes of limitation do not run against those laboring under a personal disability, such as infancy ... does not apply to infants, or other persons disabled, who have a trustee capable of suing”; and
 
 Spann v. First National Bank of Montgomery,
 
 240 Ala. 539, 545, 200 So. 554, 559 (1941), in which this Court stated:
 

 “It is clear enough there is here shown no such exception. The guardian all along not only had the power but was also under the duty to rescind the transactions and bring the suit. Not having done so, the bar of the statute of limitation of six years presents a bar to the suit by the guardian and likewise is applicable to the ward.”
 

 The plaintiffs counter by arguing that
 
 Lee
 
 and
 
 Spann
 
 are distinguishable inasmuch as they involved appointed guardians or trustees who had a duty to bring an action on behalf of the minor parties they represented — not next friends who had no duty to assert claims such as those asserted here — a distinction the plaintiffs argue was recognized by this Court in
 
 Emerson v. Southern Ry.,
 
 404 So.2d 576, 579 (Ala. 1981) (“It is clear to us, however, that failure on the part of the representative to file or pursue this claim within the limitation period does not bar recovery where § 6-2-8 is applicable.”).
 

 We agree with the plaintiffs that § 6-2-8 applies to the claims they asserted against the bus companies and that those claims accordingly are not barred by the statute of limitations. Section 6-2-8(a) clearly provides that a minor entitled to commence “any of the actions enumerated in this chapter ... shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action.... ” This language is unambiguous; there is, accordingly, no room for judicial construction.
 
 Ex parte Waddail,
 
 827 So.2d 789, 794 (Ala.2001). The claims asserted by the plaintiffs against the bus companies were subject to a two-year statute of limitations (see
 
 supra
 
 note 5), and they were accordingly entitled to assert those claims at any time before the injured parties turned 21. Section 6-2-8 contains no exception indicating that the statute ceases to have application merely because a minor’s representative pursued
 
 some
 
 claims belonging to the minor while failing to bring other claims, and “courts have no authority to engraft exceptions, which are not found in the statutes.”
 
 Barclay v. Smith,
 
 66 Ala. 230, 232 (1880). This Court has also indicated on previous occasions that the statute of limitations does not run on a minor’s
 
 *385
 
 claims regardless of whether the minor’s representative failed to or elected not to pursue claims on the minor’s behalf, negligently pursued claims on the minor’s behalf, or even if the minor’s representative pursued some claims while failing to pursue others. See
 
 Emerson,
 
 404 So.2d at 579 (stating that, although a representative may file a claim on behalf of an injured minor, the failure to do so does not bar the minor from later doing so if § 6-2-8 is applicable);
 
 Spurling v. Fillingim,
 
 244 Ala. 172, 176, 12 So.2d 740, 743 (1943) (holding that a minor, who initiated an action through her next friend within the applicable one-year limitations period, seeking damages for injuries sustained in an automobile accident was permitted to amend her action to add another defendant even after that one-year period expired because her right to maintain an action would continue for one year after she reached the age of majority);
 
 Hood v. Johnston,
 
 210 Ala. 617, 619, 99 So. 75, 77 (1924) (stating that plaintiff was entitled to sue in his own name upon reaching the age of majority regardless of “whatever may or may not have been done by his guardian”); and
 
 McLaughlin v. Beyer,
 
 181 Ala. 427, 437, 61 So. 62, 65 (1913) (“The neglect or dereliction of a next Mend, in the prosecution of a suit or in allowing a dismissal thereof, ought not to be allowed to prejudice the rights or remedies of the infant, and such seems to be the weight of the authority on the subject.”). To the extent
 
 Lee
 
 and
 
 Spann
 
 are in conflict with these cases and with the plain language of § 6-2-8, we hereby overrule them.
 

 It is undisputed that the plaintiffs asserted their claims against the bus companies before the injured parties reached the age of 21. The trial court therefore erred by relying on the statute of limitations as a basis for entering a summary judgment in favor of the bus companies.
 

 III.
 

 The plaintiffs next argue that the trial court erred by holding that they had waived their rights to assert claims against the bus companies. Before the trial court, the bus companies argued that the plaintiffs had waived their rights to pursue claims against them because, the bus companies argued, the bus companies’ role in designing and manufacturing the bus was always known — as evidenced by the fact that other students injured in the bus accident had named the bus companies as defendants in actions filed the same month as the plaintiffs’ actions — yet the plaintiffs nevertheless took no action to name the bus companies as defendants for over two years while they actively pursued claims against Laidlaw Transit, Scott, and Williams. The plaintiffs deny that their conduct in this litigation demonstrated an intent to waive their rights to pursue claims against the bus companies, and they argue that if they had intended to waive such claims they would not have identified as fictitiously named defendants in their complaints “those persons, corporations, associations, firms, or other entities, who or which designed, manufactured, marketed, advertised, sold, or otherwise placed into the stream of commerce, the school bus, or any component thereof.”
 

 This Court has stated that
 

 “ ‘[a] waiver consists of a “voluntary and intentional surrender or relinquishment of a known right,”
 
 Dominex, Inc. v. Key,
 
 456 So.2d 1047, 1058 (Ala.1984), and the burden of proof in establishing a waiver rests upon the party asserting the claim.’
 
 Bentley Sys., Inc. v. Intergraph Corp.,
 
 922 So.2d 61, 93 (Ala.2005). Moreover, whether a party has voluntarily or intentionally waived a known right is normally a jury question. See
 
 Edwards v. Allied Home Mortgage Cap
 
 
 *386
 

 ital Corp.,
 
 962 So.2d 194, 209 (Ala. 2007).”
 

 Horne v. TGM Assocs., L.P.,
 
 56 So.3d 615, 624 (Ala.2010). A summary judgment should be entered only if there is no genuine issue of material fact when the record is viewed in the light most favorable to the nonmovant.
 
 Payton v. Monsanto Co.,
 
 801 So.2d 829, 832-33 (Ala.2001). Assuming, without deciding, that a delay in asserting a claim not subject to a statute-of-Iimita-tions defense can work a waiver of that claim, we first note that “[wjhether there has been a waiver is a question of fact,”
 
 Bentley Sys., Inc. v. Intergraph Corp.,
 
 922 So.2d 61, 93 (Ala.2005), and, in light of the record in this case, we cannot agree with the trial court that there is no question that the plaintiffs intended to voluntarily relinquish their right to assert their claims against the bus companies.
 
 [7]
 
 The summary judgment entered by the trial court cannot stand on the basis of the doctrine of waiver.
 

 IV.
 

 The plaintiffs’ final argument is that the trial court erred in concluding that their claims against the bus companies should be barred by the doctrine of laches. “ ‘Laches’ is defined as neglect to assert a right or a claim that, taken together with a lapse of time and other circumstances causing disadvantage or prejudice to the adverse party, operates as a bar.”
 
 Ex parte Grubbs,
 
 542 So.2d 927, 928 (Ala.1989) (citing
 
 Black’s Law Dictionary
 
 787 (5th ed.1979)). It is an equitable doctrine applied by the courts to prevent a party that has delayed asserting a claim to assert that claim after some change in conditions has occurred that would make belated enforcement of the claim unjust.
 
 Ex parte Grubbs,
 
 542 So.2d at 929. A party asserting laches as a defense is generally required to show that the plaintiff has delayed in asserting a claim, that that delay is inexcusable, and that the delay has caused the party asserting the defense undue prejudice.
 
 Id.
 
 The plaintiffs argue that laches cannot bar a claim if the statute of limitations has not yet run on that claim; they also argue that, regardless, they did not delay in asserting their claims against the bus companies and that, even if this Court were to find that they had delayed, there is no evidence indicating that the bus companies were unduly prejudiced by any such delay. The bus companies argue that the doctrine of laches may bar a claim even if the statute of limitations has not expired and that the plaintiffs did in fact delay in asserting their claims and that that delay has caused the bus companies undue prejudice.
 

 The bus companies have cited numerous cases in support of their argument that the doctrine of laches should be applied in this case, regardless of whether the statute of limitations has run, see
 
 Multer v. Multer,
 
 280 Ala. 458, 463, 195 So.2d 105, 109 (1966),
 
 Alabama Cablevision Co. v. League,
 
 416 So.2d 433, 435 (Ala.Civ.App. 1982), and
 
 United States of America v. Olin Corp.,
 
 606 F.Supp. 1301, 1309 (N.D.Ala.1985); however, none of those cases involved a claim for money damages subject to a statute of limitations. In
 
 Ballenger v. Liberty National Life Insurance Co.,
 
 266 Ala. 407, 410, 96 So.2d 728, 731 (1957), this Court addressed this specific issue and stated;
 

 “There is competent authority elsewhere based on unassailable rationale holding that where the issue involved is
 
 *387
 
 a legal one and does not lie within the breast or conscience of the chancellor the statute of limitation is the applicable rule and the defense of laches may not properly be interposed.”
 

 After reviewing the caselaw from Kentucky to which it referred, see
 
 Gover’s Administrator v. Dunagan,
 
 299 Ky. 38, 184 S.W.2d 225 (1944), and
 
 Crawford’s Administrator v. Ross,
 
 299 Ky. 664, 186 S.W.2d 797 (1945), the
 
 Ballenger
 
 Court concluded:
 

 “The principle enunciated by the Kentucky Court impresses us as being thoroughly sound. Therefore, the issue now under consideration is, we think, ruled by the stated principle. A claim for conversion is a legal one cognizable at law, with the result that the defense of laches may not be applied, even though the claim ‘got into equity under the removal statute. If the contrary view should be upheld, untoward illogical consequences would obtain. It would be purposeless to multiply the many ridiculous illustrations, but it is conceivable that under such a view most all actions at law could be moved into equity so the defendant could plead laches and thereby subvert the right of trial by jury and operation of the applicable statute of limitation.”
 

 266 Ala. at 411, 96 So.2d at 733. Applying the holding of
 
 Ballenger
 
 to the present case — which involves a claim for money damages — we agree with the plaintiffs that the doctrine of laches should not be applied to bar their claims because, as discussed
 
 supra,
 
 the statute of limitations has not yet run on their claims. Accordingly, the trial court erred to the extent the summary judgment in favor of the bus companies was based on the doctrine of laches.
 

 V.
 

 The trial court entered a summary judgment in favor of the bus companies, stating in its order that “[t]he [plaintiffs’ claims against [the bus companies] are barred by the doctrine of laches, the doctrine of waiver and ... by the applicable statute of limitations.” However, the plaintiffs have established that none of those grounds, in fact, apply to their claims against the bus companies. The judgment entered in favor of the bus companies is accordingly reversed, and the cause is remanded for further proceedings consistent with this opinion.
 

 1090152 — REVERSED MANDED. AND RE-
 

 1090153 — REVERSED MANDED. AND RE-
 

 1090154 — REVERSED MANDED. AND RE-
 

 1090155 — REVERSED MANDED. AND RE-
 

 1090156 — REVERSED MANDED. AND RE-
 

 1090159 — REVERSED MANDED. AND RE-
 

 1090160 — REVERSED MANDED. AND RE-
 

 1090161 — REVERSED MANDED. AND RE-
 

 1090162 — REVERSED MANDED. AND RE-
 

 1090163 — REVERSED MANDED. AND RE-
 

 1090164 — REVERSED MANDED. AND RE-
 

 1090165 — REVERSED MANDED. AND RE-
 

 1090166 — REVERSED MANDED. AND RE-
 

 
 *388
 
 1090167 — REVERSED AND REMANDED.
 

 1090168 — REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 WOODALL, J., concurs in the result.
 

 [1]
 

 . The 15th plaintiff, Garth, filed a similar complaint on February 7, 2008.
 

 [2]
 

 . The new attorney retained by the plaintiffs was already involved in this litigation representing other students who had been injured in the bus accident and who had previously asserted claims against the bus companies.
 

 [3]
 

 . Apparently, although the plaintiffs’ claims against Williams, Scott, and Laidlaw Transit had been settled, the trial court had not yet dismissed the claims against those defendants.
 

 [4]
 

 .These cases were assigned to Justice Stuart on September 27, 2010.
 

 [5]
 

 . The plaintiffs further note that their wantonness claims are actually subject to a six-year statute of limitations and that the trial court erred by failing to recognize that fact; however, the bus companies argue that the plaintiffs failed to raise this issue in the trial court and argue that the plaintiffs cannot now raise it. Our resolution of this appeal ultimately makes it unnecessary to consider these issues.
 

 [6]
 

 . The original complaints in the underlying cases were styled to reflect that the injured minors were suing by and through a parent. The notices of appeal in 14 of the appeals name only the injured parties.
 

 [7]
 

 . The plaintiffs have responded to the argument that they waived their claims against the bus companies only by arguing that there is insufficient evidence indicating such a waiver; they have not addressed the issue whether a party can waive a claim by a delay in its assertion that does not extend beyond the applicable limitations period.