Herbert N. PALMORE, Lula M. Palmore, et al., Plaintiffs-Appellants,

v.

MONSANTO COMPANY, et al., Defendants-Appellees.

No. 15-15748

United States Court of Appeals, Eleventh Circuit.

Date Filed: 11/22/2016

Joseph Henry Rutledge, II, William E. Rutledge, Rutledge & Yaghmai, BIRMINGHAM, AL, for Plaintiffs–Appellants.

Matthew Howard Lembke, Richard Aaron Chastain, Bradley Arant Boult Cummings, LLP, Augusta S. Dowd, Linda G. Flippo, John Mark White, BIRMINGHAM, AL, for Defendants–Appellees.

Before ED CARNES, Chief Judge, and ANDERSON, Circuit Judge, and CHAPPELL,* District Judge.

PER CURIAM:

We have had the benefit of oral argument in this case, and have carefully reviewed the briefs and relevant parts of the record. For the reasons fully explored at oral argument, we conclude that there are multiple grounds on the basis of which the judgment of the district court could be

* Honorable, Sheri Polster Chappell, United States District Judge for the Middle District of Florida, sitting by designation.

affirmed, and we conclude that the judgment of the district court must be affirmed.

For example, plaintiffs fall far short of satisfying the five-element test set forth in Bankers Mortg. Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970).[1] See also Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). The five elements that have to be proved to state a claim in an independent action to set aside a prior, final judgment are as follows:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

Bankers Mortg., 423 F.2d at 79 (quoting Nat'l Sur. Co. v. State Bank, 120 F. 593, 599 (8th Cir. 1903)).

With respect to prong five of that test, plaintiffs here clearly had an adequate remedy at law in the form of a Fed. R.Civ.P. 60(b)(4) motion "filed in the district court and in the action in which the original judgment was entered." Bankers Mortg., 423 F.2d at 78. Nor have plaintiffs pointed to any fraud, accident or mistake (third prong) on the part of defendants or the court that entered the judgment. And, to the extent that plaintiffs claim that there was a mistake in the calculations made by the court that entered the judgment, the plaintiffs have failed to establish

"the absence of fault or negligence" on their part (fourth prong). Finally, plaintiffs have not established that the judgment "ought not, in equity and good conscience, to be enforced" under the first prong of Bankers Mortgage and, similarly, have not proven that the judgment is a "grave miscarriage of justice," which the Supreme Court has found necessary to support an independent action to set aside a judgment. United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998).

For this reason,[2] and for the other reasons fully explored at oral argument, we conclude that the judgment of the district court must be

AFFIRMED.

---

1. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. We also reject the plaintiffs' argument with respect to those plaintiffs who were minors represented by a guardian ad litem at the time the challenged judgment was entered. We agree with the district court's application of Elliott v. Navistar, Inc., 65 So.3d 379 (Ala. 2010), to the facts of this case.