PER CURIAM.[1]
On April 30, 2010, John W. Rice (identified in the complaint as “a resident and qualified Republican elector of Lee County who intends to vote in the Republican primary election on June 1, 2010”) and Tom Parker (identified in the complaint as “a qualified Republican candidate for re-election to the office of Associate Justice, Alabama Supreme Court, place 3, in the Republican primary election on June 1, 2010”) (hereinafter “the petitioners”) filed a petition for a writ of prohibition, mandamus, certiorari, or other appropriate extraordinary relief in the Montgomery Circuit Court and named as respondents Beth Chapman, as Secretary of State for the State of Alabama, all Alabama probate judges and circuit clerks,[2] and Alan Eric Johnston, in his individual capacity as a candidate for Associate Justice Alabama Supreme Court, place 3. By amendment, the petitioners added the Alabama Republican Party State Executive Committee as a respondent because, pursuant to Ala. Code 1975, § 17-13-17, it has the responsibility of receiving and tabulating primary-election returns and declaring the results of the election.
The petitioners contend Secretary of State Chapman improperly certified Johnston as a candidate because Johnston did not comply with Alabama Code 1975, § 17-5-4, requiring prospective candidates to timely file “Appointment of Principal Campaign Committee,” and Alabama Code 1975, § 36-25-15, which requires candidates to file “Statement of Economic Interest” forms.[3]
*283 The petitioners also filed a motion for a preliminary injunction, asking the circuit court to compel Secretary of State Chapman, the probate judges, and the circuit clerks “to take all necessary actions to remove the name of Respondent Alan Eric Johnston from the ballot for the June 1, 2010, Republican primary election for the office of Associate Justice of the Alabama Supreme Court, place 3, to prevent the counting or tabulating of any votes cast for Respondent Alan Eric Johnston ..., and to prevent the issuance of any certificate of election or nomination to Respondent Alan Eric Johnston” pending a decision by the circuit court on the merits of the petition for extraordinary relief.
Johnston moved to dismiss the petition, alleging, among other grounds, that the circuit court lacked jurisdiction to entertain the petitioners’ pre-election claims, citing § 17-16-44,[4] and decisions of the Alabama Supreme Court.[5]
The parties submitted a joint stipulation of facts that set out the dates on which the actions that led to the filing of the petition occurred:
“1. On April 1, 2010, Respondent Johnston filed his ‘Declaration of Candidacy’ form along with the necessary candidate qualifying filing fee with the Alabama Republican Party State Executive Committee for the office of Associate Justice, Alabama Supreme Court, place 3.
“2. On April 7, 2010, Respondent Johnston’s ‘Appointment of Principal Campaign Committee’ form dated April 5, 2010, was received by the Alabama Secretary of State’s office.
“3. On April 7, 2010, Respondent Johnston’s ‘Statement of Economic Interests’ form dated April 5, 2010, was received by the Alabama Ethics Commission.
"No jurisdiction exists in or shall be exercised by any judge or court to entertain any proceeding for ascertaining the legality, conduct, or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process, or order from any judge or court, whereby the results of any election are sought to be inquired into, questioned, or affected, or whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void and shall not be enforced by officer or obeyed by any person. If any judge or other officer hereafter undertakes to fine or in any wise deal with any person for disobeying any such prohibited injunction, process, or order, such attempt shall be null and void, and an appeal shall lie forthwith therefrom to the Supreme Court then sitting, or next to sit, without bond, and such proceedings shall be suspended by force of such appeal; and the notice to be given of such appeal shall be 14 days.”
*284 “4. On April 7, 2010, the Alabama Republican Party State Executive Committee certified the name of Alan Eric Johnston to the Alabama Secretary of State to appear on the ballot as a candidate for the Republican nomination for the office of Associate Justice, Alabama Supreme Court, place 3, in the Republican primary on June 1, 2010.
“5. On April 12, 2010, Respondent Chapman certified the name of Respondent Johnston to the probate judge in each county in Alabama as a candidate for the Republican nomination for the office of Associate Justice, Alabama Supreme Court, place 3, in the Republican primary on June 1, 2010.”
Following a hearing on May 13, 2010, the Montgomery Circuit Court entered an order on May 17 denying the requested relief on the merits.
On appeal, the petitioners contend that the circuit court erroneously found that Johnston had timely filed the “Statement of Economic Interests” in accordance with the requirements of the Alabama Ethics Act, § 36-25-1 et seq., Alabama Code 1975, and that Johnston had timely filed the form appointing his principal campaign committee. Therefore, the petitioners contend that the circuit court’s order denying the motion for a preliminary injunction is based on an incorrect premise. The petitioners also ask this Court to overrule Davis v. Reynolds, 592 So.2d 546 (Ala.1991), as “being inconsistent with the clear and unambiguous language of the [Fair Campaign Practices Act, § 17-5-1 et seq., Alabama Code 1975].”
The respondents argue that the trial court’s opinion, though in their view correct on the merits, should not have been entered because, they argue, that court lacked subject-matter jurisdiction under Alabama Code 1975, § 17-16-44. Because the Court holds that the respondents are correct and that subject-matter jurisdiction does not exist under the facts of this case, we do not address the merits of the petitioners’ claims for relief that are based on the purported failure of Johnston to comply with the Ethics Act or the Fair Campaign Practices Act.

ANALYSIS

Alabama Code 1975, § 17-16-44, sometimes referred to as the “jurisdiction-stripping statute,” severely restricts a court’s jurisdiction to hear actions challenging the conduct or results of elections. As noted above, the statute provides:
“No jurisdiction exists in or shall be exercised by any judge or court to entertain any proceeding for ascertaining the legality, conduct, or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute.... ”
The petitioners’ lawsuit implicates the jurisdiction-stripping statute because it seeks to impact the “conduct” of the June 1, 2010, Republican primary election by having the court either remove the name of one of the candidates, Eric Johnston, from the ballot or instruct the Republican Party not to canvass votes cast for Johnston. Thus, in order for a court to exercise jurisdiction over this action, § 17-16-44 requires that there be a statute giving it “authority to do so” which is “specially and specifically enumerated.... ”
The petitioners have cited as the statutory authority for the court’s jurisdiction Alabama Code 1975, § 36-25-15(c). That provision of the Ethics Act provides that “[o]ther provisions of the law notwithstanding” if a candidate fails to “submit a statement of economic interests in accordance with the requirements of this chapter, the name of the person shall not appear on the ballot....” The general *285 language found in that prefatory statement to § 36-25-15(c) clearly cannot meet the requirement set forth in § 17-16^4 that a court’s authority must be “specially and specifically enumerated by statute.... ” The petitioners have cited no other provision of the law that would provide the court with the authority to hear this case, and the Court is aware of no such provision.[6]
Therefore, pursuant to Alabama Code 1975 § 17-16^44, the Court holds that there does not exist subject-matter jurisdiction. Accordingly, the order of the trial court is hereby vacated, and this appeal is dismissed.
ORDER VACATED; APPEAL DISMISSED.
TORBERT, Special Chief Justice, and KENNEDY, HARWOOD, SUTTLE, STEWART, TOMPKINS, and CAPELL, Special Justices, concur.
INGRAM and BAXTER, Special Justices, not sitting.

. Following the filing of the notice of appeal in this case on May 18, 2010, the Chief Justice and Associate Justices of the Supreme Court of Alabama acknowledged that Canon 3 of the Alabama Canons of Judicial Ethics required their recusal from consideration of this appeal. On May 21, 2010, in a random selection procedure consisting of a blind drawing from a pool of retired justices, appellate judges, and circuit judges, Chief Justice Sue Bell Cobb, pursuant to the authority contained in § 149, Art. VI, Alabama Constitution of 1901 (Off.Recomp.), and with the concurrence of the Associate Justices except Justice Parker, who did not participate, appointed the following nine judges to serve as the Special Supreme Court of Alabama in case number 1091133:
The Honorable C.C. "Bo” Torbert, Jr.
The Honorable Kenneth Frank Ingram
The Honorable H. Mark Kennedy
The Honorable Robert Bernard Harwood, Jr.
The Honorable Ned Michael Suttle
The Honorable Donald Wayne Stewart
The Honorable N. Pride Tompkins
The Honorable J. Thomas Baxter
The Honorable John L. Capell

. The petition describes these respondents as officials who "have certain duties and responsibilities regarding the printing of ballots for and the conduct of the June 1, 2010, Republican primary election for the office of Associate Justice, Alabama Supreme Court, place 3. The probate judges and circuit clerks are named as respondents herein solely for the purpose of effectuating any relief this court may enter in the premises.”

.
"(a) Candidates at every level of government shall file a completed statement of economic interests for the previous calendar year with the appropriate election official simultaneously with the date he or she becomes a candidate as defined in Section 17-22A-2 or the date such candidate files his or her qualifying papers with the appropriate election official, whichever date occurs first. Such election official shall within five days forward the statement of economic interests of the candidate to the commission. Nothing in this section shall be deemed to require a second filing of the person’s statement of economic interests if a current statement of economic interests is on file with the commission.
"(b) Each election official who receives a declaration of candidacy or petition to appear on the ballot for election from a candidate and each official who nominates a person to serve as a public official shall, within five days of the receipt or nomination, notify the commission of the name of *283 the candidate, as defined in this chapter, and the date on which the person became a candidate or was nominated as a public official.
"(c) Other provisions of the law notwithstanding, if a candidate does not submit a statement of economic interests in accordance with the requirements of this chapter, the name of the person shall not appear on the ballot and the candidate shall be deemed not qualified as a candidate in that election. Notwithstanding the foregoing, the commission may, for good cause shown, allow the candidate an additional five days to file such statement of economic interests. If a candidate is deemed not qualified, the appropriate election official shall remove the name of the candidate from the ballot."

.

. Ex parte Krages, 689 So.2d 799 (Ala.1997); Harvey v. City of Oneonta, 715 So.2d 779 (Ala.1998); Etheridge v. State of Alabama, 730 So.2d 1179 (Ala.1999); Bryan v. Hubbard, 6 So.3d 491 (Ala.2008); Roper v. Rhodes, 988 So.2d 471 (Ala.2008); and Wood v. Booth, 990 So.2d 314 (Ala.2008).

. The Court also notes that it is undisputed that the Republican Party provides a pre-primary election process by which the qualifications of a candidate may be challenged, and that the petitioners here did not avail themselves of that process. Moreover, it is undisputed that the Republican Party provides a post-primary election contest process that also allows the qualifications of a candidate for office to be challenged.