SELLERS, Justice.
*680 William G. Veitch is a Republican candidate for district attorney for the 10th Judicial Circuit of Alabama. He filed a petition for a declaratory judgment and for a writ of mandamus in the Jefferson Circuit Court ("the trial court"), requesting that court to direct that the names of candidates running for the office of district attorney for the 10th Judicial Circuit be included not only on the ballot to be used in the primary election in the Birmingham Division of Jefferson County, but also on the ballot to be used in the primary election in the portion of Jefferson County known as the Bessemer Cutoff. The trial court dismissed Veitch's action based on its conclusion that it lacked subject-matter jurisdiction and, alternatively, based on the doctrine of laches. Veitch appealed. We reverse the trial court's judgment and remand the cause for further proceedings.
"Jefferson County constitutes the Tenth Judicial Circuit; that circuit is divided into two divisions-the Birmingham Division and the Bessemer Division." City of Bessemer v. McClain, 957 So.2d 1061, 1069 n.6 (Ala. 2006). "In 1893, Local Act No. 281 created the Bessemer Division; however, that division was subsequently abolished. In 1919, the Bessemer Division was recreated by Local Act No. 213." Id. at 1070.
Act No. 138, Ala. Acts 1953 ("the 1953 Act"), states:
"[C]andidates in primary elections for nominations for Circuit Solicitor [now district attorney] of the Tenth Judicial Circuit of Alabama [consisting of Jefferson County] shall be placed upon the ballots in such primary elections only in those precincts over which the Circuit Court holding at Birmingham, Alabama, has jurisdiction; that is to say, candidates for nomination in such primary elections for [district attorney] of the Tenth Judicial Circuit of Alabama shall run and shall be placed upon the ballots used in such primaries only in those precincts which are within the jurisdiction of said Circuit Court holding at Birmingham, Alabama."
Based on the 1953 Act, the practice in primary elections in Jefferson County is to include the names of candidates running for district attorney for the 10th Judicial Circuit on only the ballots that will be used in the Birmingham Division and not on the ballots that will be used in the Bessemer Division. That said, the parties appear to agree that the 1953 Act was ignored in 2016, because the names of Democratic candidates for district attorney for the 10th Judicial Circuit apparently were included on the ballot used in the primary election in the Bessemer Division. Veitch has suggested that the names of Republican candidates that year were not included on that ballot. The parties agree that, with respect to the general election, the candidates for district attorney are included on the ballots used in both divisions.
Scott Vowell, the acting chief of the Jefferson County Election Commission, asserts that, on March 28, 2018, he approved the Republican and Democratic ballots for the primary election in the Bessemer Division *681 and that those ballots did not include the office of district attorney for the 10th Judicial Circuit and, thus, did not include Veitch's or the names of other candidates for that office. Veitch, however, took the position that voters in the primary elections in the Bessemer Division should be allowed to vote on the candidates running for the office of district attorney. Accordingly, he filed his declaratory-judgment action and petition for a writ of mandamus on April 13, 2018.
In his petition, Veitch asserted that the 1953 Act has been repealed by a later act, which, Veitch asserted, requires primary elections to be conducted in the same manner as general elections. He also challenged the validity and application of the 1953 Act under §§ 33 and 105, Ala. Const. of 1901, as well as "the due process and equal protection provisions of the Alabama Constitution and the 14th Amendment of the U.S. Constitution." Section 33, Ala. Const. 1901, provides that "[t]he privilege of suffrage shall be protected by laws regulating elections, and prohibiting, under adequate penalties, all undue influences from power, bribery, tumult, or other improper conduct." Section 105, Ala. Const. 1901, provides that "[n]o ... local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law." The trial court's judgment indicates that Veitch also argued that the 1953 Act has been unconstitutionally applied because, in 2016, it was ignored with respect to Democratic candidates for the office of district attorney for the 10th Judicial Circuit and the names of those candidates appeared on the ballot for the Bessemer Division.
Veitch requested that the trial court enter a temporary restraining order enjoining the printing of the June 2018 primary ballots for the Bessemer Division, which the trial court granted. Steve Marshall, the Attorney General for the State of Alabama, appeared in the action after being served because the constitutionality of a legislative act was being challenged and filed a motion requesting that the trial court set aside the restraining order. Vowell also asked the trial court for the same relief and to dismiss Veitch's action.[1] On April 20, 2018, the trial court entered a judgment setting aside the restraining order and dismissing the action.
In its judgment, the trial court stated that, under § 17-16-44, Ala. Code 1975, it lacked jurisdiction to grant the relief Veitch had requested. That statute, known as the "jurisdiction-stripping statute," provides:
"No jurisdiction exists in or shall be exercised by any judge or court to entertain any proceeding for ascertaining the legality, conduct, or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; and any injunction, process, or order from any judge or court, whereby the results of any election are sought to be inquired into, questioned, or affected, or whereby any certificate of election is sought to be inquired into or questioned, save as may be specially and specifically enumerated and set down by statute, shall be null and void and shall not be enforced by any officer or obeyed by any person. If any judge or other officer hereafter undertakes to fine or in any wise deal with any person for disobeying any such prohibited injunction, process, or order, such attempt shall be null and void, and an appeal shall lie forthwith therefrom *682 to the Supreme Court then sitting, or next to sit, without bond, and such proceedings shall be suspended by force of such appeal; and the notice to be given of such appeal shall be 14 days."
The trial court relied on Rice v. Chapman, 51 So.3d 281 (Ala. 2010). In that case, the petitioners sought to prevent a candidate for the Republican nomination for Associate Justice of the Alabama Supreme Court from running in the primary election based on his alleged failure to timely file an "Appointment of Principal Campaign Committee" and a "Statement of Economic Interest," both of which were required pursuant to statute. Pointing to § 17-16-44, a Special Supreme Court of Alabama held that the trial court in Rice did not have jurisdiction over the proceedings, stating:
"The petitioners' lawsuit implicates the jurisdiction-stripping statute because it seeks to impact the 'conduct' of the June 1, 2010, Republican primary election by having the court either remove the name of one of the candidates ... from the ballot or instruct the Republican Party not to canvass votes cast for [that candidate]."
51 So.3d at 284.
Rice, however, is inapposite. That case dealt with a candidate who had been approved by a political party to run in a primary election and had been certified to do so by election officials, but who had allegedly failed to timely file the necessary paperwork before certification. In contrast, the present case deals with whether Veitch has been denied an alleged right to have his name included on all primary ballots in Jefferson County for what he describes as a "county-wide" office, by virtue of an act that he alleges has been repealed, is unconstitutional, or has been unconstitutionally applied. It is undisputed that Veitch properly filed the necessary paperwork to qualify as a candidate, that he was duly certified as a candidate by the Republican Party and the Alabama Secretary of State, and that his name was submitted to the Jefferson County Election Commission for inclusion on the Republican primary ballot. This dispute concerns whether he should be identified as a candidate on all the ballots in Jefferson County.
King v. Campbell, 988 So.2d 969 (Ala. 2007), although not directly on point, is somewhat helpful in our analysis. In that case, a registered voter and a candidate for judicial office challenged an act of the legislature that provided that a newly created judgeship in the 29th Judicial Circuit was to be initially filled by appointment by the Governor. The voter sued the Attorney General and the Secretary of State. The voter argued that the act at issue was unconstitutional for various reasons and should, therefore, be declared a nullity. He also argued that a previous act, which had been amended by the challenged act and which had provided that the new judgeship would be filled by an election, should control. The voter obtained a preliminary injunction directing the Secretary of State to place the candidate's name on the ballot for the upcoming general election. The candidate went unopposed in that election and received a substantial number of votes. After the election, the candidate joined in the voter's action and adopted all of his arguments. The trial court in King eventually entered a final judgment declaring the challenged act unconstitutional and directing that the candidate be sworn in as a circuit judge. On appeal, this Court concluded that, notwithstanding § 17-16-44, the Court had jurisdiction to consider the Attorney General's argument that the election to fill the judgeship was unauthorized under law. In doing so, the Court gave no indication that the trial court in King had been without jurisdiction to enter the injunction requiring the candidate's name to *683 be included on the ballot in light of the alleged unconstitutionality of the challenged act.
In Dennis v. Prather, 212 Ala. 449, 452, 103 So. 59, 62 (1925), this Court, in construing the predecessor statute to § 17-16-44, stated that "[s]tatutes restricting the jurisdiction of courts of equity, as defined at common law, and reiterated by statute in Alabama, should be strictly construed." In Sears v. Carson, 551 So.2d 1054, 1056 (Ala. 1989), the Court noted that "[t]he purpose and intent of [the predecessor statute to § 17-16-44 ] were not to undermine the sanctity of the individual vote." We conclude that § 17-16-44 is not aimed at challenges such as the one made by Veitch and does not preclude the trial court from exercising jurisdiction over Veitch's action.
The trial court also alternatively relied on the doctrine of laches in support of its judgment.
" ' "Laches" is defined as neglect to assert a right or a claim that, taken together with a lapse of time and other circumstances causing disadvantage or prejudice to the adverse party, operates as a bar.' Ex parte Grubbs, 542 So.2d 927, 928 (Ala. 1989) (citing Black's Law Dictionary 787 (5th ed. 1979) ). It is an equitable doctrine applied by the courts to prevent a party that has delayed asserting a claim to assert that claim after some change in conditions has occurred that would make belated enforcement of the claim unjust. Ex parte Grubbs, 542 So.2d at 929. A party asserting laches as a defense is generally required to show that the plaintiff has delayed in asserting a claim, that that delay is inexcusable, and that the delay has caused the party asserting the defense undue prejudice. Id."
Elliott v. Navistar, Inc., 65 So.3d 379, 386 (Ala. 2010). Vowell and Marshall assert that, by the time Veitch filed this action, absentee ballots in the Bessemer Division had been issued and absentee voting had begun. They also assert that the deadline for submitting ballots to military and overseas voters expired on April 21, 2018, eight days after Veitch filed his action. Finally, Vowell asserts that "all paper ballots have been printed."
Vowell and Marshall argue that undue prejudice will result if Veitch is granted the relief he seeks. In the Court's opinion, however, it has not been established that Veitch was dilatory in protecting his rights or that he otherwise delayed in filing his action or that any alleged delay was inexcusable. Although the record does not conclusively establish when Veitch was made aware that the ballot to be used in the Bessemer Division Republican primary would not identify him as a candidate, Vowell asserts that he approved that ballot on March 28, 2018. Vowell does not point to any evidence indicating that Veitch had the relevant knowledge at any point before that time. Veitch filed his action a little over two weeks later on April 13, 2018.[2] It is difficult to view two weeks as an unreasonable delay in filing an action so as to invoke the doctrine of laches.
In conclusion, the jurisdiction-stripping statute did not deprive the trial court of jurisdiction and Veitch was not precluded by the doctrine of laches from bringing his action. At this point, the Court expresses no opinion on the merits of Veitch's arguments regarding the alleged repeal of the 1953 Act, its alleged unconstitutionality, or *684 its alleged unconstitutional application. The trial court's judgment is reversed and this cause is remanded for further proceedings.[3]
REVERSED AND REMANDED.
Stuart, C.J., and Main and Wise, JJ., concur.
Bryan and Mendheim, JJ., concur in the result.
BRYAN, Justice (concurring in the result).
I agree with the plurality opinion that the Jefferson Circuit Court had subject-matter jurisdiction to decide William G. Veitch's petition for a declaratory judgment, but only insofar as Veitch requested "a judgment declaring Act No. 138, [Ala. Acts 1953,] to be null and void as being unconstitutional and/or repealed." The authority cited in the plurality opinion does not, in my opinion, support a conclusion that the circuit court has subject-matter jurisdiction to provide the other relief requested by Veitch: an order requiring his name to appear on all ballots within the 10th Judicial Circuit, including those in the Bessemer Division, and an order temporarily restraining election officials from printing the June 5, 2018, Republican primary ballot for precincts in the Bessemer Division without his name included. I note, at this late hour, the circuit court is wholly incapable of providing Veitch any relief in this proceeding that could have any effect on the June 5, 2018, primary election.
Mendheim, J., concurs.

Veitch's petition names Alan King, judge of probate for Jefferson County, as the defendant; however, Vowell was appointed the acting chief of the Jefferson County Election Commission and was substituted as the defendant. See Rule 25(d), Ala. R. Civ. P.

Vowell suggests that Veitch was aware as early as March 2, 2018, that the Bessemer Division primary-election Republican ballot would not include his name. In support, Vowell points to a portion of the record containing a copy of a campaign finance report apparently submitted by Veitch on that date. It is not clear, however, how that document supports Vowell's assertion, and he provides no explanation as to how it does.

As an alternative to his appeal, Veitch asked this Court to issue a writ of mandamus directing Vowell to include the candidates for district attorney for the 10th Judicial Circuit on the primary ballot made available to voters in the Bessemer Division. This Court, however, elected to treat Veitch's filing as an expedited appeal of the trial court's judgment.